# WESTERN UNION TELEGRAPH COMPANY *v.* ANDREWS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 8.   Argued April 13, 14, 1909.—Decided February 21, 1910.

Individuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or a criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action; and such an action is not prohibited by the Eleventh Amendment of the Constitution of the United States. *Ex parte Young*, 209 U. S. 123.

THE facts are stated in the opinion.

*Mr. Rush Taggart* and *Mr. Henry D. Estabrook*, with whom *Mr. Geo. B. Rose* was on the brief, for appellants.

*Mr. Hal L. Norwood*, Attorney General of the State of Arkansas, with whom *Mr. Joseph M. Hill, Mr. William F. Kirby* and *Mr. Otis T. Wingo* were on the brief, for the appellees.

MR. JUSTICE DAY delivered the opinion of the court.

This case grows out of alleged actions about to be taken to enforce against the Western Union Telegraph Company the penalties denounced in the act of May 13, 1907, of the legislature of Arkansas entitled "An Act to permit foreign corporations to do business in Arkansas, and fixing fees to be paid by all corporations."

As this act has just been the subject of consideration in *Ludwig, Secretary of State,* v. *The Western Union Telegraph*

*Company,* decided to-day, *ante,* p. 146, it is unnecessary to set out at large the provisions of the statute in question.

The bill in this case was brought against the prosecuting attorneys of the seventeen judicial circuits of the State of Arkansas to enjoin them from instituting actions against the Western Union Telegraph Company to recover the penalties of $1,000 for each alleged violation of the act. It was averred in the bill that the defendant prosecuting attorneys would, unless restrained by the order of the court, institute numerous actions, as they had threatened to do, for the recovery of the penalties aforesaid. The learned District Judge sustained the demurrer to the bill and dismissed the case upon the ground that the action is, in effect, a suit against the State of Arkansas, and for that reason prohibited by the Eleventh Amendment to the Federal Constitution. The sole question presented upon this record is as to the correctness of that ruling.

Since the decision in the Circuit Court this court has decided the case of *Ex parte Young,* 209 U. S. 123, 155. In that case the previous cases in this court concerning the application of the Eleventh Amendment of the Constitution were fully considered, and it was then said by Mr. Justice Peckham, speaking for the court:

"The various authorities we have referred to furnish ample justification for the assertion that individuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or a criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action."

This doctrine is precisely applicable to the case at bar. The statute specifically charges the prosecuting attorneys with the duty of bringing actions to recover the penalties. It is averred in the bill, and admitted by the demurrer, that they threatened and were about to commence proceedings for that purpose.

The unconstitutionality of the act ,is averred, and relief is sought against its enforcement. As this case is ruled, upon the question of jurisdiction, by the case of *Ex parte Young*, it is unnecessary to consider the question further. Upon the authority of that case the decree of the Circuit Court dismissing the bill for want of jurisdiction is reversed, and the cause remanded for further proceedings.

*Reversed.*