SPERRY-HUTCHINSON CO. v. KUHN, Atty. Gen.

(District Court, E. D. Michigan, S. D. May 20, 1912.)

STATES (§ 191*)—ACTIONS—ENJOINING ENFORCEMENT OF STATUTES.

A suit against the Attorney General of a state to restrain him from enforcing a statute on the ground that it is unconstitutional is in effect a suit against the state, where the Attorney General is not charged with any duty to enforce the statute, and has not threatened presently to enforce it, and a preliminary injunction will be denied.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

In Equity. Suit by the Sperry-Hutchinson Company against Franz C. Kuhn, Attorney General of the state of Michigan. Application for interlocutory injunction. Denied.

Frank T. Wolcott and Wm. G. Hamilton, both of New York City, for complainant.

George S. Law and Arthur P. Hicks, both of Detroit, Mich., for defendant.

Before WARRINGTON, Circuit Judge, and ANGELL and SESSIONS, District Judges (sitting in pursuance of section 266 of the Judicial Code).

PER CURIAM. This bill is filed against the Attorney General, as sole defendant, to enjoin him from enforcing Act No. 244 of the Public Acts of 1911 of the state of Michigan, being an act to prevent, under certain circumstances, the issuing of trading stamps. Complainant claims that this act deprives it of property without due process of law, and denies it the equal protection of the laws, and is therefore void. The bill alleges that the defendant informed complainant that he conceived it to be his duty to see that the provisions of said act were enforced until the court decided otherwise. Affidavits have been filed on the part of complainant and of the defendant bearing on the matter of threats by the defendant to enforce the statute. These affidavits add nothing of importance to the averment of the bill above set out. The motion for preliminary injunction and the demurrer to the bill have been heard together.

The statute here assailed imposes no duty upon the Attorney General. The statutes of the state define the functions of that officer. Under those statutes he is charged with no duty to make complaints or to file informations or otherwise to see to the enforcement of a statute such as is the one in question. It is manifest that he has made no threat to enforce this act. He has declined to say that he would not attempt to enforce it, if, before it was adjudged invalid, circumstances should arise which imposed upon him a duty to enforce it.

It is the claim of complainant that the case is ruled by Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, Western Union Telegraph Co. v. Andrews, 216 U. S. 165, 30 Sup. Ct. 286, 54 L. Ed. 430, and Herndon v. Chicago, R. I. & P. Ry. Co., 218 U. S. 135, 30 Sup. Ct. 633, 54 L.

Ed. 970. The defendant insists that the case falls within the doctrine laid down in Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535.

It seems to us that this case is distinguishable from those upon which complainant relies. In Ex parte Young, a bill was filed in the federal court by stockholders against a railroad company in which they held stock, the State Railroad Commission, and Young, Attorney General of Minnesota. The bill was filed to determine the constitutional validity of certain statutes of Minnesota, and it was alleged that Young, as Attorney General, was about to take proceedings to enforce the statutes complained of. An injunction issued against him to prevent his taking such proceedings. Thereafter he took such proceedings in the state court in disregard of the injunction. Thereupon contempt proceedings were taken which ultimately reached the Supreme Court. That court held that the Attorney General of Minnesota was charged with the general duty to enforce the statutes of the state, including the statute in question.

In Western Union Co. v. Andrews, a statute, attacked as invalid, made it the duty of the prosecuting attorney of every county to sue for a penalty in case of a disobedience of the statute. Seventeen such prosecuting attorneys were threatening to bring such suits, when the telegraph company filed its bill to restrain them. In Herndon v. Railroad Co., also, the prosecuting officer was distinctly empowered by the act attacked to sue for the penalty thereby imposed.

In the last-named case the decision is put without discussion upon the authority of the two first named. The Western Union Case proceeds upon the authority of Ex parte Young, quoting from the opinion in that case, and basing the decision upon the fact, first, that "the statute specifically charges the prosecuting attorneys with the duty of bringing actions to recover the penalties"; and, second, upon the fact that the bill averred and the demurrer admitted that "they threatened and were about to commence proceedings for that purpose." In Ex parte Young, Mr. Justice Peckham, writing the opinion of the court, discusses at length the case of Fitts v. McGhee, and distinguishes it from the case under consideration by saying:

"In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party. * * * The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists. * * * The officers in the Fitts Case occupied the position of having no duty at all with regard to the act, and could not be properly made parties to the suit for the reason stated." 209 U. S. 157, 158, 28 Sup. Ct. 453, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

The court, having, as above stated, concluded that the Attorney General was under the law charged with the duty to enforce the act in controversy, held that the action as against him was maintainable.

In Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535, as above stated, the Governor and Attorney General were not charged

by law with any special duty in connection with the statute alleged to be invalid, and the distinction is pointed out between a suit against individuals, holding official positions under a state, to prevent them, under the sanction of an unconstitutional statute, from committing some positive wrong or trespass, and a suit against officers of a state merely to test the constitutionality of a state statute, in the enforcement of which those officers will act only by formal judicial proceedings in the courts of the state. The court remarked:

"In the present case, as we have said, neither of the state officers named held any special relation to the particular statute alleged to be unconstitutional. They were not expressly directed to see to its enforcement. If, because they were law officers of the state, a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against them, then the constitutionality of every act passed by the Legislature could be tested by a suit against the Governor and the Attorney General based upon the theory that the former, as the executive of the state, was, in a general sense, charged with the execution of all its laws, and the latter, as Attorney General, might represent the state in litigation involving the enforcement of its statutes."

In the case at bar, as has been said, it does not appear that the Attorney General is charged with any duty to enforce Act No. 244, nor that he has threatened presently to enforce it. In the light of the decisions above referred to, we are of opinion that this suit must be held to be one brought in effect against the state of Michigan to test the constitutionality of the act named; and that, in view of the doctrine enunciated in both Fitts v. McGhee and Ex parte Young, quoted above, it would be improper to grant the motion of complainant for preliminary injunction.

Defendant further objects that complainant has no valid contracts outstanding which could be affected by the provisions of the act. In the present state of the record we deem it unnecessary to express any opinion on this point. Nor, in view of what has been said, would it be appropriate to discuss other questions fully argued at the bar which affect the constitutional validity of the act in question.

For the reasons stated, an order must be entered denying the motion of complainant for a preliminary injunction.