OLIVER AMERICAN TRADING COMPANY, INC. *v.* GOVERNMENT OF THE UNITED STATES OF MEXICO AND NATIONAL RAILWAYS OF MEXICO.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 662. Argued March 13, 1924.—Decided April 7, 1924.

1. On a jurisdictional review under Jud. Code, § 238, the District Judge's certificate of a jurisdictional question does not relieve this Court of the duty of determining for itself whether the question certified is one of the jurisdiction of the lower court as a federal court. P. 442.
2. Where an attachment suit in New York against the Government of Mexico was removed to the District Court and dismissed for lack

of jurisdiction upon the ground of sovereign immunity, *held,* that a writ of error from this Court would not lie under § 238, since the question was one of general law, applicable to state and federal courts alike; and that the case should be transferred to the Circuit Court of Appeals under Jud. Code, § 238(a).    P. 442.

Case transferred to Circuit Court of Appeals.

ERROR to a judgment of the District Court dismissing, for want of jurisdiction, an action by attachment against the Government of Mexico, removed from a court of New York.

*Mr. Alfred Hayes,* with whom *Mr. Robert F. Greacen* was on the briefs, for plaintiff in error.

*Mr. Jerome S. Hess,* with whom *Mr. Harold B. Elgar, Mr. Ernest Angell* and *Mr. George F. Snyder* were on the brief, for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Oliver American Trading Company, Inc., a Delaware corporation, brought this suit, in the Supreme Court of New York, against the United States of Mexico and the National Railways of Mexico. Service was made by attaching tangible personal property and credits within the State alleged to belong to the defendants and summons. In the state court, the Government of Mexico, appearing specially, moved seasonably that the attachment be quashed and that the suit be dismissed. Before the motion was heard, the case was removed on its petition to the federal court for southern New York. There, Mexico, again appearing specially, procured a rule that the plaintiff show cause why the attachment should not be vacated and the suit dismissed, upon the ground that it is " an independent sovereign nation, .. . . immune from process of the courts, except upon its consent."

The plaintiff asserted that at the time when the suit was begun and when the rule was returnable Mexico had not been recognized by our Government; and contended that, being a non-recognized foreign government, it was suable as a foreign corporation under subdivision 7 of § 7 of the Civil Practice Act of New York. It was conceded that National Railways of Mexico is merely a name for the system of railroads controlled and operated by the Mexican Government. After the hearing on the motion, but before entry of the judgment below, Mexico was duly recognized by the United States and diplomatic relations between the two governments were resumed. Thereupon, and solely upon this ground, the District Court held that Mexico was entitled to immunity from suit in the courts of the United States of America, unless upon its own consent; granted the motion to vacate the attachment and dismiss the suit; and issued the certificate of a jurisdictional question provided for in § 238 of the Judicial Code. Here, the defendants in error move to dismiss this writ of error for want of jurisdiction in this Court, on the ground that the case below did not present the question of jurisdiction of the district court as a federal court.

The fact that the District Judge issued the certificate does not relieve this Court from the duty of determining for itself whether the question which was certified is in truth one of the jurisdiction of the lower court as a federal court. *Bogart* v. *Southern Pacific Co.,* 228 U. S. 137, 144; *Smith* v. *Apple, ante* 274. Such a question is presented whenever there is in controversy the power of the court, as defined or limited by the Constitution or statutes of the United States, to hear and determine the cause. *The Pesaro,* 255 U. S. 216, 218. It is not presented where the question of jurisdiction to be decided turns upon matters of general law applicable alike to actions brought in other tribunals. *De Rees* v. *Costaguta,* 254 U. S. 166, 173. The question of sovereign immunity is such a question of gen-

eral law applicable as fully to suits in the state courts as to those prosecuted in the courts of the United States.[1]

As the writ of error from this Court was improvidently allowed, the case must be transferred to the Circuit Court of Appeals for the Second Circuit. Section 238(a) of the Judicial Code, Act of September 14, 1922, c. 305, 42 Stat. 837.

*Case Transferred.*

---

[1] Cases like *McNeill* v. *Southern Ry. Co.,* 202 U. S. 543, and *Western Union Telegraph Co.* v. *Andrews,* 216 U. S. 165, in which questions of the immunity of state officers from suit are considered by this Court on direct appeal under § 238, come here by that method because of the constitutional question involved.  Compare *Illinois Central R. R. Co.* v. *Adams,* 180 U. S. 28, 37, 38.