## TRANSPORTES MARITIMOS DO ESTADO *v.* ALMEIDA.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 265. Submitted April 30, 1924.—Decided May 12, 1924.

1. The defense of sovereign immunity by a defendant in the District Court does not present a question of federal jurisdiction reviewable here on direct appeal. *Oliver American Trading Co.* v. *United States of Mexico,* 264 U. S. 440. P. 105.
2. This is equally true whether the claim of immunity be contested because of the character of the defendant or because the immunity is alleged to have been waived. *Id.*

Writ of error dismissed and cause transferred.

ERROR to a judgment of the District Court for the plaintiff, Almeida, in his action for wages as a seaman.

*Mr. F. Dudley Kohler* for plaintiff in error.

*Mr. Silas B. Axtell* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Almeida, a seaman, brought this action for wages against Transportes Maritimos do Estado on the common law side of the federal court for southern New York. The

defendant appeared generally; answered that it was a department of the Government of the Republic of Portugal; offered evidence in support of the allegation; and claimed the immunity of a sovereign from all process.  The District Judge entered judgment for the plaintiff in an amount stipulated by counsel; allowed a direct writ of error from this Court; and issued the certificate of a jurisdictional question provided for in § 238 of the Judicial Code.

This Court is without jurisdiction of the writ of error. It was settled in *Oliver American Trading Co.* v. *United States of Mexico,* 264 U. S. 440 (decided since the entry of judgment below) that the claim of sovereign immunity does not present a question of federal jurisdiction within the meaning of § 238.  This is equally true whether the claim of immunity is contested because of the character of the defendant or because the immunity is alleged to have been waived.  The question involved here is not that presented in *The Pesaro,* 255 U. S. 216, and *The Carlo Poma,* 255 U. S. 219.  There, the question requiring decision was whether Congress had conferred upon the district court sitting in admiralty power to entertain a suit against a " general ship engaged in the common carriage of merchandise by water, for hire " which, at the time of the arrest, was owned by the Italian Government and was in its possession.  That question being one of the jurisdiction of the court as a federal court, the direct appeal was sustained in *The Pesaro* and the appeal to the Circuit Court of Appeals was ordered dismissed in *The Carlo Poma.*  A related question was presented in *The Sao Vicente,* 260 U. S. 151, which was likewise a suit in admiralty.  There, the writ of certiorari was dismissed. Compare *Ex parte Transportes Maritimos do Estado,* 264 U. S. 105.

As the writ of error from this Court was improvidently allowed, the case must be transferred to the Circuit Court

of Appeals for the Second Circuit. Section 238 (a) of the Judicial Code, Act of September 14, 1922, c. 305, 42 Stat. 837. *Smith* v. *Apple,* 264 U. S. 274.

*It is so ordered.*