**F. T. SEGGERMAN CO., Inc., v. DANISH PRIDE MILK PRODUCTS CO.**

(Circuit Court of Appeals, Second Circuit. March 9, 1925.)

No. 259.

Courts ⬤➡405(5)—Cause transferred to Supreme Court, as involving only jurisdictional questions.

A writ of error *held* to present solely questions of the jurisdiction of the District Court, and not within the jurisdiction of the Circuit Court of Appeals, under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215).

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the F. T. Seggerman Company, Inc., against the Danish Pride Milk Products Company. From an order quashing service of summons and complaint, and vacating an attachment, plaintiff brings error. Cause transferred to Supreme Court.

Larkin, Andrews & Hull, of New York City (A. S. Andrews, of New York City, of counsel), for plaintiff in error.

Myers & Goldsmith, of New York City (Norman M. Behr, of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error is a New York corporation, and the defendant in error is a Wisconsin corporation. The latter is said to be engaged in business in New York state. The plaintiff in error sued for breach of contract, and commenced this action by issuing a writ of attachment out of the state court on June 20, 1924. This was done simultaneously with the issuing of the summons. On June 23 the sheriff levied on choses in action of the defendant in error, and on June 26 made, and on July 22 filed, a return of inability to serve a summons on the defendant in error. By the petition filed July 1, 1924, the defendant in error removed the cause to the federal court. The record, however, was not filed until July 3, and then only part of the record was removed; the remainder being filed July 10. On July 2 summons and complaint entitled in the state court was served upon the managing agent of the defendant in error at its place of business in New York City. The defendant in error appeared specially on July 21, 1924, and served a motion to set aside the service of the summons and complaint. This motion was argued and reargued, and finally granted, but without prejudice to the service of a further summons and complaint, and without prejudice to the attachment. On September 9 the defendant in error moved successfully to quash the attachment; the theory of this being that, to be an effective attachment, it must, under the state practice, be consummated by the service of a summons and complaint within 30 days, and that there was no consummation after the vacation of the service.

The first question presented to us is wheth-

er the service of a summons and complaint was valid under the state law; and the second, whether it was error to dismiss the attachment. Both questions present questions of jurisdiction of the district court. The contention of the defendant in error is that, upon the filing of the petition for the removal and the filing and approval of the bond in the state court, the jurisdiction of the state court ceased, and the action was lodged in the District Court, and that thereafter the state court could proceed no further in suit, and that the processes thereafter should issue out of the federal court.

There were several grounds alleged for the insufficiency of the service of the state court summons. The attachment was declared to be a nullity because service of the summons had been vacated. Failure to serve the defendant in error or to commence the service against it by publication in 30 days was held fatal to the attachment. These questions present the sufficiency of the service, and therefore we think involve the jurisdiction of the District Court. Under section 238 of the Judicial Code (Comp. St. § 1215), the appeal should be direct to the Supreme Court, and this court has not jurisdiction in the premises. The Pesaro, 255 U. S. 217, 41 S. Ct. 308, 65 L. Ed. 592; The Carlo Poma, 255 U. S. 220, 41 S. Ct. 309, 65 L. Ed. 594; Rosenberg v. Curtis-Brown Co., 260 U. S. 517, 43 S. Ct. 170, 67 L. Ed. 372. There is no question, other than jurisdiction, presented. The legality of the attachment is not otherwise attacked.

It is argued that the service perfected the attachment and satisfied the Civil Practice Act of the state (section 905), and that jurisdiction in rem was obtained. But in determining that question the question of jurisdiction of the District Court is involved. It is not a case where an additional question of general law is involved, where we may retain jurisdiction. Oliver, etc., Co. v. Mexican Rys., 264 U. S. 440, 44 S. Ct. 390, 68 L. Ed. 778. We therefore do not pass upon the question argued, namely, whether in a removed cause an attachment ends in perfective service under section 905 of the Civil Practice Act. This we deem to involve a question of jurisdiction of the District Court, which must be decided by the Supreme Court. Therefore, under the amendment to the Judicial Code, added in 1922 as section 238a (Act Sept. 14, 1922, c. 305, 42 Stat. 837 [Comp. St. Ann. Supp. 1923, § 1215a]), the cause will be transferred to the Supreme Court.

Ordered accordingly.