TIMKEN ROLLER BEARING COMPANY *v.* PENN-SYLVANIA RAILROAD COMPANY.

GOODBODY, RECEIVER, *v.* PENNSYLVANIA RAILROAD COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

Nos. 168, 178. . Argued February 25, 1927.—Decided April 18, 1927.

1. An action against a railroad for the value of switching service performed by a shipper who did so at the railroad's request during a railroad strike and also paid the railroad tariff charges covering the same service, is within the jurisdiction of the District Court

where diversity of citizenship and jurisdictional amount are present; and the question whether an administrative decision by the Interstate Commerce Commission is prerequisite to the plaintiff's cause of action, is a question of the merits. P. 185.

2. Under Jud. Code § 238, a judgment of the District Court dismissing a case within its power to decide, upon a decision of the merits, was not reviewable directly by this Court though erroneously styled a dismissal "for want of jurisdiction." P. 185.

3. By the Act of September 14, 1922 (repealed by Act of February 13, 1925) a writ of error from this Court to the District Court was transferrable to the Circuit Court of Appeals when erroneously allowed under Jud. Code § 238 to a judgment of dismissal on the merits properly reviewable in the latter court. P. 186.

4. The provision of the Act of February 13, 1925, § 14, that it shall not affect cases "pending in the Supreme Court" on its effective date (three months from its approval) applies to a case erroneously lodged in this Court under Jud. Code § 238, which should have gone to the Circuit Court of Appeals, and imposes the duty of transferring it to that court under the Act of September 14, 1922. P. 187.

5. A writ of error from this Court, issued in due form by a judge having authority to issue such writs, followed by due execution of the writ and lodgment of the record here, is to be regarded as a case "pending" in this Court from the allowance and issuance of the writ, even though the writ was allowed and issued erroneously. P. 188.

ACTIONS to recover the value of switching service, brought in an Ohio state court and removed, on the ground of diversity of citizenship, to the District Court, where they were dismissed for supposed want of jurisdiction. Orders made at this term dismissing the writs of error are now set aside and the causes are transferred to the Circuit Court of Appeals.

*Messrs. Luther Day, Rufus S. Day,* and *Donald W. Kling* for plaintiffs in error, submitted.

*Mr. Andrew P. Martin,* with whom *Messrs. Andrew Squire* and *Thomas M. Kirby* were on the briefs, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

These two cases are exactly alike, and the same disposition will be made of them. They were dismissed at this term for lack of jurisdiction, as follows:

" Dismissed for lack of jurisdiction in this Court on the authority of *Transportes Maritimes Do Estado* v. *Almeida*, 265 U. S. 104, 105, and *Oliver American Trading Company* v. *Government of the United States of Mexico,* 264 U. S. 440, 442."

This is a motion to set aside the dismissals and to substitute therefor orders transferring them to the Circuit Court of Appeals for the Sixth Circuit.

The Timken Roller Bearing Company is a corporation of Ohio engaged in the business of making roller bearings and other steel products, with its principal place of business in Canton, Stark County, Ohio. The Pennsylvania Railroad is a corporation of Pennsylvania and a common carrier engaged in Ohio, and carried freight for the Timken Company. The Timken Company sued the Pennsylvania Company, averring the following facts:

On April 10, 1920, the yard employees of the Pennsylvania Company struck. That Company notified the Timken Company that it would be unable to switch freight cars for it from the Pennsylvania's interchange tracks to the customary delivery of the Timken plant at Canton, Ohio. The Pennsylvania Company then provided the Timken Company with a yard locomotive, and from April 13, 1920, to about September 30, 1920, the Timken Company, with the knowledge and consent, and at the request of the Pennsylvania Company, did the switching service itself. The Pennsylvania Company made to the Timken Company its customary charges for such switching service at its regular freight rates, which the Timken Company paid. During that period the Timken Company switched 1640 freight cars for the Pennsylvania Company, the

reasonable value of which service was.$6,534.61. This amount was included in the line haul freight charges paid by the Timken Company to the Pennsylvania Company. The Pennsylvania Company was thus unjustly enriched in the amount above stated, and the Pennsylvania Company owed to the Timken Company the reasonable value of the service as stated.

The suit of the Timken Company was brought in the Common Pleas Court of Cuyahoga County, Ohio, and removed by the Pennsylvania Company, on the ground of diverse citizenship, to the United States District Court for the Northern District of Ohio. In that court the Pennsylvania Company filed a motion to dismiss for lack of jurisdiction, on the grounds:

(a) That the matters complained of in the plaintiff's petition essentially involved the making of a rate, as to which the District Court had no power;

(b) The subject affected the reasonableness of rates and the reasonableness of a practice in interstate commerce, which were administrative questions, confided primarily to the Interstate Commerce Commission, and there was no allegation in the plaintiff's petition that the Interstate Commerce Commission had prescribed any rule, rate or practice which would regulate, control or govern the rights or obligations of the plaintiff and defendant in the matter complained of;

(c) That to compensate the plaintiff for the expense of the switching service set forth in plaintiff's petition would be tantamount to giving it a rebate, contrary to law.

The motion to dismiss was sustained by the District Court on the ground that the question presented by the plaintiff's petition was an administrative and not a judicial question and that exclusive jurisdiction to hear and determine the matters complained of was vested in the Interstate Commerce Commission. The District Court

therefore dismissed the petition solely for want of jurisdiction, and, under the provisions of § 238 of the Judicial Code of the United States as it stood at the time, January 30, 1925: "Appeals and writs of error may be taken from the District Courts, including the United States District Court for Hawaii, direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the Court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision. . . . ," it made the following certificate:

" This Court by its final order dismissed the suit solely for want of jurisdiction.

. " This certificate is made conformably to Judicial Code, Section 238, and the opinion filed herein is made a part of the record and will be certified and sent up as a part of the proceedings, together with this certificate."

Thereupon a writ of error from this Court to the District Court was allowed by the District Judge.

When the case was argued here in open court, this Court ordered the dismissal of the writ of error as above, for the reason that the question of jurisdiction passed on by the District Court in this case was not such a question as was covered by § 238. As interpreted by repeated decisions of the Court, such a question is in issue only when the District Court's power to hear and determine the cause as defined and limited by the Constitution or statutes of the United States is in controversy, and, where a District Court is vested with jurisdiction of a cause, as where diversity of citizenship exists, and the matter in controversy is of the requisite value, the question whether it has the power to afford the plaintiff a particular remedy does not present a jurisdictional issue. *Smith* v. *Apple,* 264 U. S. 274, 278; *Oliver Trading Company* v. *Mexico,* 264 U. S. 440, 442; *Transportes Maritimes Do Estado*

v. *Almeida*, 265 U. S. 104, 105. In this case there was no question about the jurisdiction of the Court, for there was diverse citizenship and the value of the matter in controversy was of requisite amount. The real question was whether, in the absence of an administrative decision by the Interstate Commerce Commission, the plaintiff had a cause of action. See *Great Northern Ry. Co.* v. *Merchants Elevator Co.*, 259 U. S. 285. It went to the merits and not to the jurisdiction, and therefore this Court had no jurisdiction by writ of error under § 238 to consider the case.

The issue now made is whether this Court made the proper disposition of the cause by dismissing it, in view of the amendment by Act of Congress of September 14, 1922, to § 238 of the Judicial Code, called § 238 (a), c. 305, 42 Stat. 837, as follows:

" If an appeal or writ of error has been or shall be taken to, or issued out of, any circuit court of appeals in a case wherein such appeal or writ of error should have been taken to or issued out of the Supreme Court; or if an appeal or writ of error has been or shall be taken to, or issued out of, the Supreme Court in a case wherein such appeal or writ of error should have been taken to, or issued out of a circuit court of appeals, such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, which shall thereupon be possessed of the same and shall proceed to the determination thereof, with the same force and effect as if such appeal or writ of error had been duly taken to, or issued out of, the court to which it is so transferred."

There is no doubt that under this section, if it applies to the present case, the motion to dismiss should not have been granted as it was, but the case should have been transferred to the Circuit Court of Appeals for a review of the issue on the merits as to the cause of action set up by the Timken Company in its petition.

The motion now made to set aside the dismissal and enter an order of transfer is resisted by the attorneys for the Pennsylvania Company, on the ground that § 238 (a) does not now apply to the present case. This suit was filed in the Common Pleas Court of Cuyahoga County on May 31, 1924, and was removed to the United States District Court for the Northern District of Ohio June 30, 1924, and upon the defendant's motion was dismissed by the District Court for lack of jurisdiction, the judge's certificate to that effect being filed January 30, 1925. The writ of error was allowed by the District Court on April 6, 1925, was issued on that date and served upon the defendant in error April 18, 1925—all before the taking effect of the Act of February, 1925, on May 13, 1925. The return on the writ of error was transmitted by the Clerk of the District Court on July 3, 1925, the transcript of record being filed on July 13, 1925.

The Act of September 14, 1922, § 238 (a) was expressly repealed by the Act of February 13, 1925, § 13, 43 Stat. 942. Section 14 provides that the Act " shall take effect three months after its approval, but shall not affect cases then pending in the Supreme Court, nor shall it affect the right to a review or the mode or time for exercising the same as respects any judgment or decree entered prior to the date when it takes effect." The defendant contends that § 14 can not be construed to continue the effect of § 238 (a) of the Act of September 22, 1922, because § 14 only saves cases then pending in the Supreme Court; that, as this Court has now found it had no jurisdiction of the writ of error issued by this Court to the District Court, it can not be said that it was a case pending in this Court, and therefore it did not come within the saving clause and the order dismissing the case for lack of jurisdiction must stand. We think that this is much too narrow a construction of the saving provision of § 14. A writ of error duly issued by a judge having authority to issue writs of error from this Court to the District

Court of the United States, in a case there pending, even though the writ of error is erroneously issued, is, when the writ is executed and the record brought here, to be regarded as having been a case pending in this Court from the allowance and issuing of the writ of error, and as then removed from the control and jurisdiction of the District Court—and to continue as such for the purposes of § 14 until the writ of error is dismissed. The effect of § 14, therefore, is to impose on this Court the duty of granting the transfer to the Circuit Court of Appeals if that is the court, as it is, to which this case should have been taken on error. The previous dismissal of the case is set aside and the transfer of the case to the Circuit Court of Appeals for the Sixth Circuit is ordered.

A similar order will be made in the case of *Goodbody* v. *Pennsylvania Company,* No. 178.

> *Dismissals set aside, and cases transferred.*