PETROLEUM EXPLORATION, Inc., v. PUBLIC SERVICE COMMISSION OF KENTUCKY.*

No. 1205.

District Court, E. D. Kentucky, at Frankfort.

Nov. 6, 1937.

*Motion for stay denied 58 S.Ct. 527, 82 L.Ed. ——.

E. C. O'Rear and Allen Prewitt, both of Frankfort, Ky., and W. J. Brennan, of Sistersville, W. Va., for complainant.

Hubert Meredith, Atty. Gen., and J. W. Jones, Asst. Atty. Gen., for defendant.

Before HICKS, Circuit Judge, and HAMILTON and FORD, District Judges.

FORD, District Judge.

This is an action in equity filed by Petroleum Exploration, a corporation doing business in Kentucky, but organized and existing under the laws of the state of Maine, to enjoin the Public Service Commission of Kentucky from enforcing, or attempting to enforce, compliance with an order of the commission, pursuant to which the commission proposes to inaugurate an investigation of the rates charged by complainant for gas transported by its pipe lines from its gas fields in Eastern Kentucky to the corporate limits of various Kentucky municipalities and there sold and delivered to certain public utility corporations.

The order complained of required the complainant to produce, at a public hearing before the commission, evidence showing conclusively the fairness and reasonableness of its rates and charges, a complete statement of all contracts and working arrangements with its subsidiary corporations, if any, and to make available, for examination by the commission's representatives, all its books, accounts, records, correspondence, and memoranda.

At the time fixed for the hearing, the complainant appeared and offered a plea challenging the commission's jurisdiction.

The commission overruled the plea and made an order fixing a later date for the proposed hearing and investigation. Before that time arrived, the complainant filed with the commission an application for a rehearing on the jurisdictional question, together with an amended and supplemental plea which, on account of the institution of this action, has not been acted upon.

In addition to alleging diversity of citizenship and the value of the matter in controversy, required to sustain federal jurisdiction under section 24 (1) of the Judicial Code, as amended (28 U.S.C.A. § 41 (1), the bill further alleges, in substance, that the complainant, in transporting and selling its gas under contract to certain public utility corporations, is engaged merely in an ordinary private commercial enterprise, that it is not a public utility, and is not subject, and cannot be made subject, to the regulatory jurisdiction of the commission by any law which would be valid under the State or Federal Constitution. It charges that the obvious purpose of the commission is to attempt, without right or authority of law, to lower some or all of the rates fixed under its existing contracts, and that the order, made with that end in view, is repugnant to the contract clause of the Federal Constitution (article 1, § 10), and is in violation of the due process and equal protection clauses of the Fourteenth Amendment.

The case is submitted upon complainant's motion for a temporary injunction to restrain enforcement of the order of the commission. Permanent injunction is the ultimate relief sought.

Injunctive relief is an extraordinary remedy and "the mere fact that a law is unconstitutional does not entitle a party to relief by injunction against proceedings in compliance therewith, but it must appear that he has no adequate remedy by the ordinary processes of the law, or that the case falls under some recognized head of equity jurisdiction." Cruickshank v. Bidwell, 176 U.S. 73, 80, 20 S.Ct. 280, 283, 44 L.Ed. 377.

In State Corporation Commission of Kansas et al. v. Wichita Gas Company, 290 U.S. 561, 54 S.Ct. 321, 324, 78 L.Ed. 500, it was asserted that a certain order of the State Corporation Commission of Kansas, made as a preliminary step toward ascertaining and fixing reasonable rates to be charged by a public utility, was repugnant

to the Federal Constitution, and temporary and permanent injunction was sought. The court, in denying injunctive relief, said: "We need not decide whether these provisions are repugnant to the Constitution or whether they are otherwise invalid. The invalidity of such an order is not of itself ground for injunction. Unless necessary to protect rights against injuries otherwise irremediable, injunction should not be granted."

It is further alleged, in the bill, in substance, that the expense necessary to be incurred by the complainant in order to make the showing required by the commission would be approximately $25,000 and for the recovery of such expenditure, if made, the complainant would have no remedy and its great loss thereby suffered would be irreparable. It is to prevent such claimed irreparable injury that complainant asserts the right to equitable relief in this action.

The act of the General Assembly of Kentucky, creating the "Public Service Commission of Kentucky," and fixing and defining its powers and functions (1934 Acts, c. 145 § 4 (b), Kentucky Statutes § 3952-13), provides: "The commission may compel obedience to its lawful orders by mandamus or injunction or other proper proceedings in the Franklin Circuit Court of this Commonwealth, or any other court of competent jurisdiction," and further (section 9 [Ky.St. § 3952-61]), after prescribing penalties to be imposed upon utilities for neglect. or refusal to obey "any lawful requirement or order made by the commission," the act provides: "Whenever any utility is subject to a penalty under this Act the commission shall certify the facts to the Commission Counsel who shall institute and prosecute an action for recovery of such principal amount due and the penalty."

It thus appears that the commission can do nothing more than institute mandamus proceedings against the complainant in a court of the state to compel observance of its order or certify facts to the commission counsel upon which he may base an action in the state court to recover the prescribed penalties. In either event, sole authority for making the commission's orders coercively effective rests with the court in which such action may be instituted.

It is not shown by the bill that any court proceeding is pending or threatened. Should the commission, however, apply to the court for mandamus to enforce compliance with its order or should the commission counsel institute a proceeding to recover the prescribed penalties, all questions as to the power or jurisdiction of the commission, the regularity of its proceeding, and all questions of constitutional right or statutory authority would then be open for examination and determination by the state court. If the complainant's contention that its rights, guaranteed under the Federal Constitution, would be infringed by enforcement of the order against it, be properly set up in such action and denied by the highest court of the state, adequate provision is made for review of the action of the state court by the Supreme Court of the United States. Judicial Code § 237, as amended, 28 U.S.C.A. § 344; Matthews v. Rodgers, 284 U.S. 521, 526, 52 S.Ct. 217, 220, 76 L.Ed. 447.

In Federal Trade Commission v. Claire Company, 274 U.S. 160, 47 S.Ct. 553, 556, 71 L.Ed. 978, certain corporations challenged the constitutional validity of orders of the Federal Trade Commission requiring them to furnish monthly reports of the cost of production, balance sheets and other voluminous information relating to the business in which the complainant corporations were engaged, and sought by injunction to restrain the commission from enforcing or attempting to enforce the challenged orders. The court said:

"There was nothing which the Commission could have done to secure enforcement of the challenged orders except to request the Attorney General to institute proceedings for a mandamus or supply him with the necessary facts for an action to enforce the incurred forfeitures. If, exercising his discretion, he had instituted either proceeding, the defendant therein would have been fully heard, and could have adequately and effectively presented every ground of objection sought to be presented now. Consequently the trial court should have refused to entertain the bill in equity for an injunction. * * *

"Until the Attorney General acts, the defendants can not suffer, and, when he does act, they can promptly. answer and have full opportunity to contest the legality of any prejudicial proceeding against them. That right being adequate, they were not in a position to ask relief by injunction."

Since the commission is powerless to coerce observance of the challenged order by inflicting penalties for disobedience or otherwise, and it is not shown that complainant's business or property rights are in any way threatened by any arbitrary ac-

tion of the Commission, obviously, notwithstanding the commission's order, the complainant may passively stand upon its claimed constitutional rights, and, when necessary, may assert them in defense of any enforcement proceedings instituted in the courts without, in the meantime, suffering any injury or damage or being compelled to incur any expense whatever. Boise Artesian Water Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796.

▮ Equity jurisdiction to grant injunctive relief should be exercised only where, "in a case reasonably free from doubt," it is shown that "intervention is essential in order effectually to protect property rights against injuries otherwise irremediable." Cavanaugh v. Looney et al., 248 U.S. 453, 456, 39 S.Ct. 142, 143, 63 L.Ed. 354.

▮ The defendant filed an answer to the bill on the merits without raising the question as to equity jurisdiction. It is pointed out, however, in Federal Trade Commission v. Claire Company, supra, that acquiescence of the parties is not enough to justify the court in assuming jurisdiction, and the want of equity jurisdiction, if obvious, may and should be objected to by the court, sua sponte. Twist v. Prairie Oil Company, 274 U.S. 684, 690, 47 S.Ct. 755, 757, 71 L.Ed. 1297; Singer Sewing Machine Co. v. Benedict, 229 U.S. 481, 33 S.Ct. 942, 57 L.Ed. 1288.

By stipulation, the case having also been submitted for final determination, the application for a permanent injunction should be likewise denied, and the bill dismissed for want of equity.

The parties having stipulated that the ruling of the court upon the motion for temporary injunction should be treated as final disposition of the case, the bill should be dismissed.

HAMILTON, District Judge (dissenting in part).

I agree with the conclusion of the majority opinion because the Act of May 14, 1934, chapter 283, § 1, 48 Stat. 775, U.S.C.A. title 28, section 41 (1), withdraws from the jurisdiction of the District Courts of the United States suits enjoining the execution of orders of administrative boards or commissions where the laws of the state provide a plain, speedy, and efficient remedy for a judicial review.

The laws of the commonwealth of Kentucky provide for an adequate judicial review of the orders and findings of its Public Service Commission. Carroll's Kentucky Statutes, 1936 Edition, sections 3952-1 to 3952-61. The plaintiff alleges in its petition that it does not come within the term "utility or utilities" as defined under Carroll's Kentucky Statutes, 1936 Edition, section 3952-1, and for that reason this case does not fall within the bar of the Act of May 14, 1934; but I am of the opinion that this act, being remedial in its nature, should be liberally construed in order that the courts of the states may be left free to interpret their own statutes. It may be said, however, that the Public Utilities Act of the commonwealth of Kentucky includes within its terms all persons, corporations, their lessees, trustees or receivers, producing, manufacturing, storing, distributing, or selling natural or artificial gas for public consumption. The Act of May 14, 1934, cannot be avoided so as to confer jurisdiction on this court by a naked allegation of the plaintiff that it is not one of the persons coming within the statutory law of the commonwealth of Kentucky regulating public utilities.

The commission, in its order, which the plaintiff seeks to enjoin in this action, found that the plaintiff was a public utility and had authority to fix its rates. The language of the act (48 Stat. 775) expressly prohibits District Courts from enjoining any order of a state rate-making body.

Lower federal courts are creatures of the Congress, and their powers are confined within the acts bringing them into existence, and, whatever may be their inherent power incident to jurisdiction, the Congress can take from them the authority to grant injunctions in rate making cases and confer such power on the courts of the state, even though a federal constitutional right is involved. Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205; Bessette v. Conkey Company, 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997; Michaelson v. United States, 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162, 35 A. L.R. 451; Gillis, Receiver, v. California, 293 U.S. 62, 67, 55 S.Ct. 4, 6, 79 L.Ed. 199.

If the majority opinion be correct, the Act of May 14, 1934, was wholly unnecessary, because in no event would the federal court enjoin the orders of a public utility rate-making body if the state law provided an adequate judicial review.

The case of State Corporation Commission of Kansas v. Wichita Gas Company, 290 U.S. 561, 570, 54 S.Ct. 321, 324, 78 L. Ed. 500, relied on in the opinion of the majority, has no application to the case at

bar. In the cited case, the commission sought to compel certain pipe line companies to disclose to it facts to be used in fixing the rates of the distributing companies. The order of the commission sought to be enjoined did not fix rates, nor was it contended as a basis for relief that the commission was without authority to inquire into the charges of the Wichita Company. The court said:

"The commission's proceedings are to be regarded as having been taken to secure information later to be used for the ascertainment of reasonableness of rates. The order is therefore legislative in character. The commission's decisions upon the matters covered by it cannot be res adjudicata when challenged in a confiscation case or other suit involving their validity or the validity of any rate depending upon them. Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 227, 29 S.Ct. 67, 53 L.Ed. 150; Chicago, M. & St. P. Ry. Co. v. Minnesota, 134 U.S. 418, 452, et seq., 10 S.Ct. 462, 702, 33 L.Ed. 970. But the decisions of state courts reviewing commission orders making rates are res adjudicata and can be so pleaded in suits subsequently brought in federal courts to enjoin their enforcement. Detroit & Mackinac Ry. Co. v. Michigan Railroad Comm., 235 U.S. 402, 405, 35 S.Ct. 126, 59 L. Ed. 288; Napa Valley Co. v. Railroad Comm., 251 U.S. 366, 373, 40 S.Ct. 174, 64 L.Ed. 310. The appellees were not obliged preliminarily to institute any action or proceeding in the Kansas court in order to obtain in a federal court relief from an order of the commission on the ground that it is repugnant to the Federal Constitution. Bacon v. Rutland R. Co., 232 U.S. 134, 138, 34 S.Ct. 283, 58 L.Ed. 538. Missouri v. Chicago, B. & Q. R. Co., 241 U.S. 533, 542, 36 S.Ct. 715, 60 L.Ed. 1148. Ex parte Young, 209 U.S. 123, 166, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.(N.S.) 932, 14 Ann. Cas. 764. And upon the issue of confiscation vel non they are entitled to the independent judgment of the courts as to both law and facts. Ohio Valley Co. v. Ben Avon Borough, 253 U.S. 287, 289, 40 S.Ct. 527, 64 L.Ed. 908; Bluefield Water Works & Improv. Co. v. Public Service Comm., 262 U.S. 679, 689, 43 S.Ct. 675, 67 L.Ed. 1176. United Railways & Electric Co. v. West, 280 U.S. 234, 251, 50 S.Ct. 123, 74 L.Ed. 390."

The plaintiff's suit here is based solely on the ground that the laws of the commonwealth of Kentucky do not make it subject to the jurisdiction of the Public Serv-ice Commission for any purpose. It therefore follows that, if plaintiff's contention be sound, it does not have to await the outcome of administrative action before resort to the courts to determine its rights. The question in dispute is purely a legal one and is not affected by administrative decision. Gully v. Interstate Natural Gas Company (C.C.A.) 82 F.(2d) 145, 150.

Federal Trade Commission v. Claire Co., 274 U.S. 160, 174, 47 S.Ct. 553, 556, 71 L. Ed. 978, does not lend support to the conclusion of the majority. In that case, the Claire Company sought to enjoin an order of the Federal Trade Commission requiring it to submit reports concerning its business, under section 6 of the act creating it (15 U.S.C.A. § 46). The commission's orders were enforceable only by requesting the Attorney General to institute mandamus proceedings against the recalcitrant, or by supplying him with facts necessary to enforce forfeitures. Any proceeding to compel compliance or to recover forfeitures could only be had in the United States District Court on the law side of the docket. The court refused to grant equitable relief on the ground it had adequate remedy at law in the federal courts by presenting its defense to the mandatory or penalty action when instituted.

I have always understood the rule to be that the adequate remedy at law which defeats equitable jurisdiction must be such remedy in the federal courts, and not in the state courts, and it must be a remedy which the federal courts can administer under the circumstances of the particular case, and any doubt as to the law remedy must be resolved in favor of the equitable.

The courts have universally held that federal equity jurisdiction is to be tested by those rules, principles, and usages as administered by the federal courts immediately after the adoption of the Constitution, unaffected by state statutes or practices, regardless of the antiquity of the remedy at law in the state courts. In other words, a case cognizable by a federal court of equity for inadequacy of legal remedy is still such a case, regardless of state legislation or practice enlarging legal remedies, and continues thus until the Congress deprives the federal courts of jurisdiction.

The majority opinion, without stated legal justification, and misapplying the Claire Case, relegates the plaintiff for relief to the Franklin circuit court of the commonwealth of Kentucky, because of the provi-

sions of the Kentucky Statutes, 1936 Edition, § 3952-44.

In the case of Smyth v. Ames, 169 U.S. 466, 550, 18 S.Ct. 418, 422, 42 L.Ed. 819, the court said: "The adequacy or inadequacy of a remedy at law for the protection of the rights of one entitled upon any ground to invoke the powers of a federal court, is not to be conclusively determined by the statutes of the particular state in which suit may be brought. One who is entitled to sue in the federal circuit court may invoke its jurisdiction in equity whenever the established principles and rules of equity permit such a suit in that court; and he cannot be deprived of that right by reason of his being allowed to sue at law in a state court on the same cause of action."

When the violator is an individual, the penalties for failure to comply with the orders of the Public Service Commission are not more than $1,000, or confinement in jail for not more than six months, or both, and, if a corporation, not less than $25 or more than $1,000 for each violation, the enforcement thereof to be by the Franklin circuit court of the commonwealth of Kentucky.

In the case of Western Union Telegraph Company v. Andrews, 216 U.S. 165, 167, 30 S.Ct. 286, 54 L.Ed. 430, the court quoting from Ex parte Young, 209 U.S. 123, 155, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A. (N.S.) 932, 14 Ann.Cas. 764, said: "The various authorities we have referred to furnish ample justification for the assertion that individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or a criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action."

The case of New Hampshire Gas & Electric Company v. Morse (D.C.) 42 F. (2d) 490, 493, 495, is directly in point. In that case the court said: "It is. not reasonable to hold that a person must violate a law and subject himself to possible fines or imprisonment in order to contest the constitutionality of a statute authorizing the imposition of a penalty. Threats of the constituted authorities are sufficient to set in motion an action to contest such rights. Western Union Telegraph Company v. Andrews, 216 U.S. 165, 30 S.Ct. 286, 54 L.Ed.

430." Compare also Risty v. Chicago, R. I. & Pacific Railway Company, 270 U.S. 378, 390, 46 S.Ct. 236, 241, 70 L.Ed. 641; City of Fort Worth v. Southwestern Bell Telephone Company (C.C.A.)' 80 F.(2d) 972; DiGiovanni v. Camden Fire Insurance Association, 296 U.S. 64, 74, 56 S.Ct. 1, 6, 80 L.Ed. 47; Grandin Farmers' Cooperative Elevator Company v. Langer (D.C.) 5 F.Supp. 425, affirmed 292 U.S. 605, 54 S.Ct. 772, 78 L.Ed. 1467; City of Commerce v. Southern Railway Company (C.C.A.) 35 F.(2d) 331; Los Angeles Railway Corporation v. Railroad Commission of California (D.C.) 29 F.(2d) 140.

For the reasons herein stated, I find myself unable to agree with the majority opinion.