## BROOME et al. v. HARDIE-TYNES MFG. CO.
### No. 8451.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1937.

Edwin P. Corbett and John J. Mahoney, both of Columbus, Ohio, and James R. Forman, of Birmingham, Ala., for appellants.

Forney Johnston and Henry L. Jennings, both of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was for injunction, for accounting, and for damages for infringement of letters patent Nos. 1,306,370 and 1,603,406 for sluice gates. The claim was that defendant, without leave or license from plaintiffs, and in defiance of the patents, had made and sold, and was making and selling, devices embodying the inventions described in them.

Defendant denied infringement, and put the validity of the patent at issue. The defense on which the case went off was that the only thing being done by the defendant, having any relation whatever to the patents in suit, was the manufacture of emergency gates and accessories for the government of the United States, to be installed at the Mohawk and Bolivar Dams in the state of Ohio, under a contract had with the defendant, and upon specifications and drawings furnished by the United States; and that by section 68, title 35 U.S.C.A.[1] plaintiffs' exclusive remedy is a suit against the government in the Court of Claims.

The District Judge, of the opinion that the issue this defense presented should be tried first, heard evidence upon and determined it in defendant's favor. He accordingly dismissed the bill.

Appellants make two points against the decree. The first goes to the procedure employed in disposing of the defense. It affirms that, instead of taking testimony in advance of a trial of the patent claims, on defendant's plea that plaintiffs' exclusive remedy was in the Court of Claims, the court should have treated it as a plea

[1] "Suit for unlicensed use of invention by the United States; compensation for; Government employees.

"Whenever an invention described in and covered by a patent of the United States shall be used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, such owner's remedy shall be by suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture."

to the jurisdiction, and denied it on the authority of Sperry Gyroscope Co. v. Arma Engineering Co., 271 U.S. 232, 46 S.Ct. 505, 70 L.Ed. 922, holding that the invoked section does not deprive the District Court, as a federal court, of jurisdiction, but only operates as a defense. The argument here is that the defendant set up, and the District Judge gave effect to, the statute as a jurisdictional bar, and that, instead of hearing the cause on the merits, including the issue of exclusive remedy thus raised, the case was dismissed for want of jurisdiction in contravention of the practice approved in the Sperry Case.

As applied to what was done here, the argument of appellants finally comes down to this, that the District Court should not have heard testimony on one fundamental defense without at the same time hearing it on all the others.

We think there can be no merit in this contention. If sustained, it would require the laborious and tedious processes of trying a patent suit, only to dismiss it at the end because plaintiffs' remedy lies in some other court. Without regard to what defendant may have called its plea, the District Judge did not determine it as one going to its jurisdiction to hear the cause, but as one going to the right of plaintiffs to the relief they sought.[2] He disposed of it on that basis. As shown in his full findings of fact and conclusions of law, followed by an opinion and final decree, the court took full jurisdiction of the cause, and, having done so, proceeded to try independently of other matters of defense, the fundamental defense that plaintiffs' sole remedy was in the Court of Claims. Having determined that, because of the statute providing an exclusive remedy in the Court of Claims, plaintiffs were without remedy in the District Court, he dismissed the bill.

▇ The second point searches the substance of the ruling on the plea. It affirms that the alleged infringing devices were in fact made by the defendant, not for the United States, but for the Muskingum Watershed Conservancy District, a corporation of Ohio, and that therefore the invoked statute does not apply in letter or in spirit. The argument for this point is based on the proposition that, though the sluice gates were being made and installed under a contract on its face between defendant and the United States government, the contract was really made by the government on behalf and for the benefit of, and the sluice gates were really furnished to and installed for, the Muskingum District. We do not think this complaint against the decree any better founded.

The District Judge found; that no sluice gates or other apparatus or devices relating to the patents in suit had been made or sold by the defendant within six years next preceding the filing of the bill of complaint, except under two contracts with the United States. These contracts, one dated May 8, the other June 8, 1935, were for the furnishing and delivery to the United States for the Mohawk and the Bolivar Dams, respectively, of six service gates and one emergency gate and accessories, in accordance with specifications and drawings prepared and issued by United States engineers. He found, too, that part of the equipment had already been delivered, and other parts were still under construction at the defendant's plant; that there was no completed delivery prior to the expiration of the date of the patents or the filing of the suit; and that under both contracts and by both sets of specifications, the defendant was required to prepare and design all work in accordance with the specifications and drawings. Every detail of the design of the gates and accessories as the United States wanted them constructed was known and understood between defendant and the representative of the government when the contracts were made. Contrary to plaintiffs' insistence that though the contracts were in name between the government of the United States and defendant, they were in fact between defendant and the Muskingum District, the court found that they were and are solely between the United States as sole principal, and the defendant, and that the Muskingum District is in no relation of privity with the defendant as principal, disclosed or undisclosed. He concluded that within the clear meaning of the invoked statute the work to be done by defendant was to be done solely and exclusively for the United States.

Appellants insist that the arrangement was merely one by which the United States

---

[2] Smyth v. Asphalt Belt Ry. Co., 267 U.S. 326, 45 S.Ct. 242, 69 L.Ed. 629; Becker Steel Co. v. Cummings, 296 U.S. 74, 56 S.Ct. 15, 80 L.Ed. 54; Timken Roller Bearing Co. v. Pennsylvania R. R. Co., 274 U.S. 181, 47 S.Ct. 550, 71 L.Ed. 989.

loans and contributes funds to a district project; that the project is the district's, the property the district's and the construction the defendant has undertaken is the district's. They insist further that, since the contracts declare that the estimated cost of the project and plans is to be $34,000,000, of which the district is recognized as contributing $12,000,000 in lands, easements, rights of way, etc., and the United States is to pay $22,000,000 for construction, it is plain that if, as appellee contends, these dams are government projects the district is a part owner in them, and that to the extent at least of its ownership, the defendant, in constructing the gates in question, is constructing them for it, and therefore, at least to that extent, defendant would be suable for infringement of plaintiffs' patents.

Appellee stands firmly on the form and contents of the contracts. Pointing to their terms requiring it to furnish and deliver the apparatus called for in them to the government, and to their terms holding the defendant bound and liable to the United States for the complete performance of them, it insists that the District Judge was right in his findings both of fact and of law. Especially does it point out that the whole project was under the control and direction of the Army engineers who are authorized to handle and expend the $22,000,000 which the United States will lay out on the project, and that it cannot be gainsaid that, if defendant is suable by injunction to prevent the construction of the sluice gates in question, this will result in preventing the United States from going ahead with its public works and thus permit the very mischief the invoked statute was enacted to prevent.

Appellee points out too, that there is no provision in the contract that defendant's structures, which are made for the government and paid for by it, or the dams of which they are a part, are or should become the property of the district. It argues with vigor that the fact that the contract contains clauses to hold the district harmless does not create any right of action in plaintiffs against the defendant. It argues that the only effect of these clauses is to protect the district from any liability which the acts of the defendant might conceivably lay it under. They do not at all change the fact that the contract is not with the district, but with the United States, nor the fact that the work is being done in exact accordance with and under plans and specifications prepared by the United States engineers.

A careful examination of the record convinces us that it fully sustains the fact findings of the District Judge. Indeed, the evidence is without contradiction with respect to the matters on which he finds. We are clear that the contract was with, and was to be performed on behalf of, the United States, and that if the defendant may be subjected to an injunction against going on with the contract, the purpose and effect of the invoked statute would be defeated. The decisions have made it clear what that purpose and effect is, and we think it may not be doubted that the mischief which gave rise to the passage of the statute, and which it was designed to avoid, would be present here if the statute were without application. The project on which the work is being done is a government project. The statute was designed to furnish the patentees an adequate and effective remedy while saving the government from having its public works tied up and thwarted while private parties are carrying on a long drawn out litigation. The case presented here of an effort to stop the progress of the work through an injunction against the contractor presents the exact case the statute was designed to meet.

The decree of dismissal was rightly entered. It is affirmed.