Bartlett v. Baasiri

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2022
No. 21-2019

ROBERT BARTLETT, TERREL CHARLES BARTLETT, LINDA JONES, SHAWN
BARTLETT, MAXINE E. CROCKETT, INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF RICKY LEON CROCKETT, MARVISE L. CROCKETT, TRACIE
ARSIAGA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROBERT R.
ARSIAGA, SYLVIA MACIAS, GILBERT ARSIAGA, JR., GEORGE ARSIAGA,
MATTHEW ARSIAGA, ANGEL MUNOZ, ROBI ANN GALINDO, PATRICIA
ARSIAGA, ON BEHALF OF THE ESTATE OF JEREMY ARSIAGA, CEDRIC
HUNT, STEVEN GREENWOOD, STEVEN W. HILLER, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF STEPHEN DUSTIN HILLER, JEREMY
CHURCH, SANDRA HANKINS, INGRID FISHER, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE OF STEVEN SCOTT FISHER, KRISTIN WALKER,
STEVEN T. FISHER, KATHLEEN GRAMKOWSKI, DANIEL CARVILL, MARY
CARVILL, PEGGY CARVILL-LIGUORI, INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF FRANK T. CARVILL, PAMELA ADLE-WATTS, JOHN
WATTS, GLORIA NESBITT, INDIVIDUALLY AND ON BEHALF OF THE
ESTATE OF DEFOREST L. TALBERT, D.J.H., A MINOR, TAWANNA TALBERT
DARRING, LATASHA MARBLE, JAMES TALBERT, MIRANDA PRUITT,
VELINA SANCHEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF
MOSES ROCHA, ALOYSIUS SANCHEZ, JR., ROMMEL ROCHA, PHILLIP
SANCHEZ, GLORIA P. REYNOSO, INDIVIDUALLY AND ON BEHALF OF THE
ESTATE OF YADIR G. REYNOSO, JASMIN REYNOSO, PATRICIA REYNOSO,
JOSE REYNOSO, ASHLEY WELLS SIMPSON, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE OF LARRY LLOYD WELLS, CHAD WELLS,

CRYSTAL STEWART, CHASITY WELLS-GEORGE, CANDICE MACHELLA, BILLY DOAL WELLS, HOPE ELIZABETH VEVERKA, DONNA JEAN HEATH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAVID MICHAEL HEATH, LOLA JEAN MODJESKA, JOHN DAVID HEATH, OLGA LYDIA GUTIERREZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JACOB DAVID MARTIR, ISMAEL MARTIR, NATHANIEL FOLEY, MICHAEL SCOTT DEWILDE, STEVEN MORRIS, DANIELLE DECHAINE-MORRIS, NICHOLAS MORRIS, K.M., A MINOR, MONICA ARIZOLA, ROBERTO AARON ARIZOLA, ROBERTO ARIZOLA, SR., CECILIA ARIZOLA, DANNY ARIZOLA, RICARDO ARIZOLA, GREG KLECKER, RAYMOND MONTGOMERY, PATRICIA MONTGOMERY, TONY WOOD, JOEDI WOOD, ADAM WOOD, MEGAN WOOD, LISA RAMACI, LISA RAMACI INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF STEVEN VINCENT, ISABELL VINCENT, CHARLES VINCENT, MARIA VIDAL, TAMARA HASSLER, RICHARD E. HASSLER, JOANNE SUE HASSLER, SCOTT HUCKFELDT, KATHRYN HUCKFELDT, ALISHA HUCKFELDT, MATTHEW HUCKFELDT, TIMOTHY NEWMAN, PADRAIC J. NEWMAN, AMENIA JONAUS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JUDE JONAUS, GERNESSOIT JONAUS, DAPHNIE JONAUS MARTIN, RICKY JONAUS, MARCKENDY JONAUS, CLAIRE JONAUS, SHAREN JONAUS MARTIN, MASINA TULIAU, AUDELIA MORIN, ESTEBAN MORIN, ESTAVAN MORIN, SR., BRIANNA RENEE NAVEJAS, MARGARITO A. MARTINEZ, AMY LYNN ROBINSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JEREMIAH ROBINSON, FLOYD BURTON ROBINSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JEREMIAH ROBINSON, JACOB MICHAEL ROBINSON, LUCAS WILLIAM ROBINSON, JODEE JOHNSON, JAMES HIGGINS, WENDY COLEMAN, BRIAN RADKE, NOVA RADKE, STEVEN VERNIER, JR., CLIFFORD L. SMITH, JR., INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KEVIN J. SMITH, GEORGIANNA STEPHENS-SMITH, CORENA MARTIN, ADAM MATTIS, TERRANCE PETERSON, III, PETRA SPIALEK, DAVID G. CARDINAL, JR., INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ANTHONY CARDINAL, RICHELLE HECKER, INDIVIDUALLY AND ON

2

BEHALF OF THE ESTATE OF WILLIAM F. HECKER, III, VICTORIA HECKER, W.H., A MINOR, C.H., A MINOR, WILLIAM F. HECKER, JR., NANCY HECKER, JOHN D. HECKER, ROBERT F. MARIANO, DEBRA MARIANO, BOBBIE D. MARIANO, VICKIE MICHAY WHITE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF STEPHEN J. WHITE, GLADYS E. REYES CENTENO, VERONICA LOPEZ REYES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JASON LOPEZ REYES, ZORAIMA LOPEZ, JENNIFER LINK, SHARON JOHNSTON, KENNY LEE, TOM B. LEE, LING P. LEE, DEBORAH NOBLE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHARLES E. MATHENY, IV, DAVID NOBLE, CHARLES E. MATHENY, III, JUDY COLLADO, KAIYA COLLADO, JUSTIN WALDECK, TANJA KUHLMEIER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DANIEL KUHLMEIER, ROBERT J. KUHLMEIER, THERESA A. KUHLMEIER, THERESA ANN KUHLMEIER, EDWARD KUHLMEIER, THOMAS KUHLMEIER, JOHN KUHLMEIER, ROBERT W. KUHLMEIER, PATRICK FARR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CLAY P. FARR, SILVER FARR, CARROL ALDERETE, ANTHONY ALDERETE, CHAD FARR, RAYANNE HUNTER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WESLEY HUNTER, W.H., A MINOR, T.H., A MINOR, FABERSHA FLYNT LEWIS, CHRISTOPHER ANTHONY BERSHEFSKY, LORENZO SANDOVAL, JR., INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ISRAEL DEVORAGARCIA, LORENZO SANDOVAL, JR., ADRIAN SANDOVAL, ROSA ESTHER SANDOVAL, HENRY J. BANDHOLD, SR., INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SCOTT BANDHOLD, AFONSO BANDHOLD, MARIANA BANDHOLD, H. JOSEPH BANDHOLD, DONALD C. BANDHOLD, JOSHUA P. STEIN, NICOLE B. STEIN, NICOLE B. STEIN, A MINOR, J.S.S., A MINOR, JESSE P. STEIN, ERIK ROBERTS, E.C.R, A MINOR, ROBIN ROBERTS, JAMES CRAIG ROBERTS, CARA ROBERTS, COLIN ROBERTS, LUKE MURPHY, WILLETTE MURPHY, SHANE IRWIN, T.R., A MINOR, HELEN MARGUERITE IRWIN, NICOLE IRWIN, MARIA GOMEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOSE GOMEZ, JOHN DANA GREER, STEPHANIE SANDER, CHRISTOPHER D. GREER, JOSEPH L. GREER, CARL

3

K. GREER, CHRISTOPHER JOYNER, ANNE P. JOYNER, BRIAN MONTOGMERY, K.K, A MINOR, NECOLE DUNLOW SMITH, MICHAEL R. MILLS, M.R.M., A MINOR, EDDIE JO PALINSKY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JERRY A. PALINSKY, JR., JERRY A. PALINSKY, II, ADINA PALINSKY, JERRY A. PALINSKY, SR., KATHLEEN HOKE, JOEL PALINSKY, KARALEEN HERB, ERIC BRANDON STONEKING, CARRIE SUE STONEKING, FAITH RENEE STONEKING, NANETTE SAENZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CARLOS N. SAENZ, JUAN SAENZ, JOAQINA SAENZ CHORENS, LUZ MARIA ESTRADA-PULIDO, FRANCES CATHERINE CASTRO, ELVA ESPINOZA, AMANDA VACHO, ON BEHALF OF THE ESTATE OF NATHAN J. VACHO AND ON BEHALF OF E.V., A MINOR, BAYLI VACHO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF NATHAN J. VACHO, JOHN VACHO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CAROL VACHO, ASHLEY VACHO LESLIE, RONALD VEVERKA, CAROL POLLEY, DOUGLAS VEVERKA, SANDRA SOLIDAY, JEANETTE WEST, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROBERT H. WEST, SHELBY WEST, DONNA ENGEMAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOHN W. ENGEMAN, SHANNON SHUMATE, LAUREN SHUMATE, L.S., A MINOR, NICOLE DICENZO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DOUGLAS ANDREW DICENZO, D.D., A MINOR, LARRY DICENZO, KATHY CRANE, JOHNNY ALLEN BLAIR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROBERT EDWARD BLAIR, CHARLEE BLAIR WEBB, C.L., A MINOR, ARNE EASTLUND, TINA EASTLUND, SVEN EASTLUND, TAYLOR EASTLUND, ELIZABETH JO EASTLUND, MATTHEW ADAMSON, R.A, A MINOR, KATHY ADAMSON, RICHARD ADAMSON, CHRISTOPHER ADAMSON, JEFFREY ADAMSON, JUSTIN ADAMSON, JAMES SHEPARD, JOHN P. SKLANEY,, III, KATHY CRABTREE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DANIEL CRABTREE, M.C., A MINOR, JUDY ANN CRABTREE, RONALD WAYNE CRABTREE, DEBRA WIGBELS, JUDY HUENINK, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF BENJAMIN J. SLAVEN, SEAN SLAVEN, NICOLE LANDON, MISTI FISHER,

4

STEVEN J. FRIEDRICH, A.F., A MINOR, PHILIP ALAN DERISE, NORMA ALICIA CONTRERAS, JONATHAN CONTRERAS, JR., CARLOS CONTRERAS, CESAR CONTRERAS, HERNAN CONTRERAS, NOEL CONTRERAS, DANNYEL CONTRERAS, SHARON M. PUGH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KENNETH IRVING PUGH, BRITNEY E. CARTER, ALICIA PEARSON, DANIEL J. EVANS, JUSTIN EVANS, KEVIN GRAVES, NICHOLAS GENE KOULCHAR, MICHAEL KOULCHAR, SUHEIL CAMPBELL, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF EDGARDO ZAYAS, A.Z.C., A MINOR, CATHY ANDINO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF EDWIN A. ANDINO JR., LUIS JUNIOR PUERTAS, LIDIA SULLIVAN, GABRIELA D. PUERTAS VERGARA-DONOSO, CHRISTOPHER MICHAEL MELENDEZ, NARCISO MELENDEZ, CHRISTINA MELENDEZ, LAUREL BARATTIERI, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GUY BARATTIERI, PATRICIA WHEATLEY, REBECCA BARATTIERI, NICOLE BARATTIERI, GINA TESNAR, GLORIA L. MAGANA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KENNY FRANCES STANTON JR., MARIO STANTON, BRANDIE STANTON, TERRYMARIE STANTON, FRED FRIGO, NANNETTE BRYNE-HAUPT, LYNN FOREHAND, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RYAN HAUPT, LANCE HAUPT, RHONDA HAUPT, TIFANY THOMPSON, SABRINA CUMBE, WILLIAM WITTE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KEVIN M. WITTE, MICHAEL MOCK, TAMMY DORSEY, ERIC PHYE, JAMES GMACHOWSKI, CONSTANCE BRIAN, AMBER HENSLEY, DAVID W. HAINES, DAWN HAINES, MACKENZIE HAINES, KARAR ALABSAWI, MICHELLE TAYLOR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAVID G. TAYLOR, JR., J.T., A MINOR, PHYLLIS TAYLOR, JOHN TAYLOR, BRIAN B. TAYLOR, JUDAS RECENDEZ, TYLER NORAGER, SHALEE NORAGER, M.N., A MINOR, HARRY RILEY BOCK, JILL ANN BOCK, MARIAH SIMONEAUX, KOUSAY AL-TAIE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF AHMED AL-TAIE, NAWAL AL-TAIE, BASHAR AL-TAIE, HATHAL K. TAIE, LAWRENCE KRUGER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ERIC KRUGER,

CAROL KRUGER, C.K., A MINOR, E.K., A MINOR, DOUGLAS KRUGER, JACKIE FARRAR-FINKEN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL FINKEN, EMILIE FINKEN, C.F., A MINOR, J.F., A MINOR, STEPHEN FINKEN, ALAN FINKEN, RICHARD FINKEN, DAVID FINKEN, MARK FINKEN, JEAN PRUITT, JOAN HENSCHEID, PETER FINKEN, LORI ANN MCCOY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GREGORY MCCOY, L.M., A MINOR, T.M., A MINOR, GLENN MICHAEL COX, SANGSOON KIM, SEOP STEVE KIM, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JANG HO KIM, MICHELLE KIM, KURTISS LAMB, FRANCIS L. COTE, NANCY COTE, CHRISTOPHER COTE, SAMANTHA DUNFORD, MAXIMILLIAN SHROYER, SAMANTHA DUNFORD, CASEY REUBEN, BREE REUBEN, PATRICK REUBEN, JACKIE STEWART, MARK MUNNS, CRISTA MUNNS, SHARON DEBRABANDER, DENNIS DEBRABANDER, NICOLE DEBRABANDER, JOELLA PRATT, HELEN FRASER, RICHARD FRASER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAVID M. FRASER, TRICIA ENGLISH, NATHAN ENGLISH, N.C.E., A MINOR, A.S.E., A MINOR, TODD DAILY, ON BEHALF OF THE ESTATE OF SHAWN L. ENGLISH, JOSHUA STARKEY, BRENT HINSON, WILLIAM HINSON, FRAN HINSON, HILARY WESTERBERG, JOHN GIBSON, STEPHANIE GIBSON WEBSTER, SEAN ELLIOTT, TRAVIS GIBSON, WILLIAM RONALD LITTLE, BRENDA LITTLE, INDIVIDUALLY AND ON BEHALF OF WILLIAM RONALD LITTLE, JR., KIRA SIKES, RANDOLPH DELBERT NANTZ, JOSHUA RYAN NANTZ, CHAQUITA TALBERT, ALOYSIUS SANCHEZ, SR., VICTORIA M. FOLEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ALEXANDER SCOTT ARREDONDO, GWENDOLYN MORIN-MARENTES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF STEVE MORIN, JR., ALVIS BURNS, KEITH VEVERKA, SUZZETTEE LAWSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ISAAC S. LAWSON, CHASTITY DAWN LAFLIN, ALEXANDER ZAYAS, COLIN HAINES, LORI ANN MCCORMICK, LORI ANN MCCORMICK INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CLINTON MCCORMICK, DEBORAH BEAVERS, DENISE VENNIX, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF

6

ALAN R. BLOHM, JEREMY BLOHM, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHRIS BLOHM, KIANA BLOHM, JAMES SMITH, MAUK MAUK, ROBERT VACCARO, JOANNE GUTCHER, CHARLOTTE FREEMAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF BRIAN S. FREEMAN, G.F., A MINOR, I.F., A MINOR, KATHLEEN SNYDER, RANDOLPH FREEMAN, KATHALEEN FREEMAN, ALBERT SNYDER, RICHARD LEE, DANNY CHISM, ELIZABETH CHISM, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOHNATHAN B. CHISM, VANESSA CHISM, JULIE CHISM, RUSSELL J. FALTER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SHAWN P. FALTER, LINDA FALTER, MARJORIE FALTER, RUSSELL C. FALTER, JOHN SACKETT, JASON SACKETT, MICHAEL LUCAS, MARSHA NOVAK, DAVID LUCAS, TIM LUCAS, ANDREW LUCAS, SHANNON MILLICAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOHNATHON M. MILLICAN, PAUL MITCHELL MILLICAN, NOALA FRITZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JACOB FRITZ AND THE ESTATE OF LYLE FRITZ, DANIEL FRITZ, ETHAN FRITZ, BILLY WALLACE, BILLY WALLACE, STEFANIE WALLACE, AUSTIN WALLACE, DEVON WALLACE, C.W., A MINOR, EVAN KIRBY, MARCIA KIRBY, STEVEN KIRBY, JOHNNY WASHBURN, MARVIN THORNSBERRY, CYNTHIA THORNSBERRY, A.B., A MINOR, TRACY ANDERSON, JEFFREY ANDERSON, ADAM G. STOUT, ANDREW JEFFREY ANDERSON, ELIZABETH LYNN ISLAS, ANASTASIA FULLER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ALEXANDER H. FULLER, A.F., A MINOR, L.R.-W., A MINOR, HEATH DAMON HOBSON, JODI MICHELLE HOBSON, SAMANTHA BALSLEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MICHAEL C. BALSLEY, JODI MICHELLE HOBSON, M.D.H., A MINOR, NICHOLE GARRIGUS, DEADRA GARRIGUS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MICKEL D. GARRIGUS, DAVID GARRIGUS, KYLA OSTENSON, MATTHEW GARRIGUS, SHAWN RYAN, SHARON Y. DUNN SMITH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF TERRENCE DUNN, DENNIS DUNN, RICHARD LANDECK, VICTORIA LANDECK, LAVONNA HARPER, MELBA ANNE F. HARRIS, PAUL D. HARRIS,

7

HYUNJUNG GLAWSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CURTIS E. GLAWSON, YOLANDA BROOKS, CURTIS GLAWSON,, SR., KIERRA GLAWSON, SABRINA GLAWSON, ON BEHALF OF THE ESTATE OF CORTEZ GLAWSON, JAZMON REYNA, RYAN SABINISH, R.J.S., A MINOR, S.J.S., A MINOR, CARRIE THOMPSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SEAN M. THOMAS, A.T., A MINOR, DANIEL THOMAS, SR., DIANA THOMAS, DANIEL THOMAS, JR., KELLY GILLIS, MELINDA FLICK, ANN CHRISTOPHER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KWESI CHRISTOPHER, NANCY FUENTES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DANIEL A. FUENTES, ARMANDO FUENTES, JULIO FUENTES, TATYANA FUENTES, EMMA MCGARRY, D.J.F., A MINOR, JOHN KIRBY, MICHAEL MURPHY-SWEET, ELIZABETH MURPHY-SWEET, ANONA GONELLI, LINDSAY YOUNG, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF BRETT A. WALTON, LEASA DOLLAR, EUGENE DELOZIER, MICHELLE KLEMENSBERG, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF LARRY R. BOWMAN, SCOTT LILLEY, FRANK LILLEY, JOLENE LILLEY, MATTHEW LILLEY, AVA TOMSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF LUCAS V. STARCEVICH, RICHARD TOMSON, GLENDA STARCEVICH, ARIANA STARCEVICH, TRENTON STARCEVICH, SAMANTHA TOMSON, ANDREW TOMSON, JARED S. STEVENS, S.W., A MINOR, BRADLEY STARCEVICH, SUSAN MARIA DOSKOCIL HICKS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GLENN DALE HICKS, JR., GLENN DALE HICKS, JR., DAVID JAMES HICKS, JOHN CHRISTOPHER HICKS, S.L.H., A MINOR, KAREN FUNCHEON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ALEXANDER J. FUNCHEON, ROBERT FUNCHEON, DWIGHT MARTIN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JAY E. MARTIN, DOVE DEANNA ADAMS, RAVEN ADAMS, LARK ADAMS, HOLLY BURSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JEROME POTTER, NANCY UMBRELL, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF COLBY J. UMBRELL, MARK UMBRELL, CASEY BOEHMER, JEREMY D. SMITH, DANIEL DIXON, INDIVIDUALLY AND ON BEHALF OF

8

THE ESTATE OF ILENE DIXON AND THE ESTATE OF ROBERT J. DIXON, JESSICA HUBBARD, ON BEHALF OF THE ESTATE OF ROBERT J. DIXON, M.R., A MINOR, L.R., A MINOR, DAVID DIXON, DANIEL AUSTIN DIXON, GRETCHEN LANG, REBECCA J. OLIVER, DANIEL C. OLIVER, KIMBERLEE AUSTIN-OLIVER, TIFFANY M. LITTLE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KYLE A. LITTLE, K.L., A MINOR, SHELLEY ANN SMITH, DAKOTA SMITH-LIZOTTE, KIMBERLEE AUSTIN-OLIVER, TIFFANY M. LITTLE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KYLE A. LITTLE, K.L., A MINOR, SHELLEY ANN SMITH, DAKOTA SMITH-LIZOTTE, SHYANNE SMITH-LIZOTTE, ERIN LEE DRUCTOR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF BLAKE STEPHENS, TRENT STEPHENS, KATHLEEN STEPHENS, DEREK STEPHENS, RHETT STEPHENS, SUMMER STEPHENS, BRITTANI HOBSON, CYNTHIA CONNER, WILLIAM FARRAR, SR., INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WILLIAM FARRAR, JOSHUA BROOKS, JOYCE BROOKS, DANIEL TYLER BROOKS, DELILAH BROWN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SCOTT J. BROWN, TONYA K. DRESSLER, ARDITH CECIL DRESSLER, MELISSA DRESSLER, TANYA SUZZETTE DRESSLER, DANIEL DRESSLER, ELIZABETH MASTERSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOSHUA D. BROWN, MARIAN BROWN, WAYNE BROWN, DANIELLE SWEET, A.B., A MINOR, G.B., A MINOR, DONNA KUGLICS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MATTHEW J. KUGLICS, LES KUGLICIS, EMILY ADAMS, DEREK GAJDOS, TAMMY DENBOER, BRANDEAUX CAMPBELL, RYAN WILSON, JAMI LIN WILSON, MATTHEW LAMMERS, ALICIA LAMMERS, BARBARA LAMMERS, GARY LAMMERS, STACY PATE, ANGEL GOMEZ, DENISE JACKSON, SCOTT HOOD, FLORA HOOD, DIXIE FLAGG, STEPHANIE HOOD, CHEYENNE FLAGG, WILLIAM PARKER, MEGHAN PARKER-CROCKETT, ANDREW MOORES, SHEILA TRACY, INDIVIDUALLY AND BEHALF OF THE ESTATE OF JACOB TRACY, DONALD TRACY, NICHOLE SWEENEY, CHRISTINA SHERIDAN, MATTHEW BENSON, MELISSA BENSON, C.B., A MINOR, B.B., A MINOR, DANIEL P. BENSON, CAROL BENSON, DANIEL R. BENSON, RAYMOND NIGEL

9

SPENCER, JR., SYLVIA JOHNSON SPENCER, MICHAEL DEAN MOODY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MICHAEL DEAN MOODY, JR., CONNIE MOODY, KEDRICK DANTE MOODY, DREW EDWARDS, DONIELLE EDWARDS, ARIFAH HARDY, T.C., A MINOR, AUNDRA CRAIG, JOYCE CRAIG, DEBRA COOK-RUSSELL, NASHIMA WILLIAMS CRAIG, JONATHAN CRAIG, ANDRE BROWN, MICHAEL COOK, VALENCIA COOK, KATHERINE M. CROW, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WILLIAM J. CROW, K.A.C., A MINOR, CANDACE CATHRYN HUDSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF KATHRYN ANN MONDINI, K.E.C, A MINOR, JOHN TAYLOR, CARROL ALDERETE, TRACYANDERSON, J.J., R.J.S., LORI ANN MCCORMICK, TINA EASTLUND, NANETTE SAENZ, BARBARAFARLEY, JACKIE MERK HLASTAN, KATHRYN HUCKFELDT, RANDOLPH FREEMAN, MAXINE E.CROCKETT, CAMERON FARLEY, JUAN SAENZ, THOMAS SMITH, JENNIFER RENEE YORK, BOONCHOB PRUDHOME, STEPHANIE MCCULLEY, DREW EDWARDS, RHONDA KEMPER, DANIEL C. OLIVER, CECILIA ARIZOLA, JACOB MICHAEL ROBINSON, MICHELLE TAYLOR, T.M.(A MINOR), DEREK STEPHENS, BRUCE LUKOW, KATHY KUGLER, STEPHANIE HOOD, M.R.(A MINOR), TONYA FREEMAN, MICHELLE BENAVIDEZ, EDWARD KUHLMEIER, JUSTIN ADAMSON, NICHOLE LOHRIG, ANTHONY ALDERETE, NAWAL ALTAIE, WILLIAM WITTE, ANNE P. JOYNER, CLIFFORD VAUGHN, A.F.(A MINOR), LAUREN SHUMATE, TAWANNA TALBERT DARRING, DANIEL BENAVIDEZ, SKYLAR HAKE, MICHAEL LUKOW, CHARLEE BLAIR WEBB, HENRY J. BANDHOLD, SR, JEFFREY D. PRICE, MARC STEARNS, BRANDON ARNOLD, ADAM WOOD, CHRISTOPHER LEVI, I.W., NICHOLAS GENE KOULCHAR, WAYNE BROWN, C.S.(A MINOR), B.B., GREG KLECKER, GLENN DALE HICKS, SR, ROBERT FUNCHEON, NANCY UMBRELL, COLLEEN CZAPLICKI, JOAQINA SAENZ CHORENS, DANIELCARVILL, ALOYSIUS SANCHEZ, SR, AVA TOMSON, NATHANIEL FOLEY, DONNA JEAN HEATH,AUDELIA MORIN, KATRINA COE, G.H., PHILIP ALAN DERISE, MARLYNN GONZALES, JOSHUADENMAN, CORY SMITH, ANGELA M. LAIRD, MEGAN WOOD,

L.W., MATTHEW CRAIG, JUDY ANN CRABTREE, ANDREW LUKOW, DARLENE SHELTON, WESLEY WILLIAMSON, LUKE MURPHY, RAYMOND NIGEL SPENCER, SR., DEADRA GARRIGUS, KATHRYN HEAD, DENISE VENNIX, K.A.C, LARRY DICENZO, JOYCE CRAIG, CESAR CONTRERAS, EMILY LEVI, JOEDI WOOD, JOSEPH LUKOW, CANA HICKMAN, ROBIN ROBERTS, SARAH DUDEK, S.S., SEAN ELLIOTT, GEORGIANNA STEPHENSSMITH, JORDAN M. LAIRD, CHRISTOPHER BOUTEN, PATRICK WARD, MELISSA DRESSLER, TATYANA FUENTES, TANJA KUHLMEIER, ERIC PHYE, GLORIA P REYNOSO, JOAN HENSCHEID, NICHOLAS MORRIS, STEVEN J. FRIEDRICH, G.L., MATTHEW MENKE, ROBERT KUGLER, TERREL CHARLES BARTLETT, CATHY ANDINO, ADAM MATTIS, PHYLLIS TAYLOR, J.M.H., AMBER HABSIEGER, ARIANA STARCEVICH, K.A., HEATH DAMON HOBSON, S.L.H., BRENT HINSON, TIMOTHY TIFFNER, E.R., KIMBERLEE AUSTINOLIVER, MARK HURST, LISA RAMACI, KELLY GILLIS, NORMA ALICIA CONTRERAS, M.B.S., J.L.(A MINOR), JOSEPH T. MILLER, JEREMY D. SMITH, DONALD MAYES, ALAN BURKS, MEGAN PEOPLE, JOHN RICHARD TULLY, II, BRETT FARLEY, CHRISTOPHER JOYNER, ANGELICA ANDRADE, MATTHEW GARRIGUS, STEVEN T. FISHER, JENNIFER ROOSE, CASSANDRA BAILEY, ERIC NEIBERGER, SHAREN JONAUS MARTIN, TRENT STEPHENS, LEE WOLFER, NICHOLAS PROWSE, THERESA DAVIS, KAIYA COLLADO, TABITHA MCCOY, JUSTIN WALDECK, JONI ARIEL REEVES LITTLE, TAMMY DORSEY, JODEE JOHNSON, ROBERTO ARIZOLA, SR, NATHAN ENGLISH, ALISON BURKS MCRUIZ, CYNTHIA DELGADO, ANDREW BRADLEY, KEDRICK DANTE MOODY, DON JASON STONE, DONNA LEWIS, ANDY POOL, JERRY L. MYERS, JEFFREY C. MANN, GEORGE ARSIAGA, JOHN STEARNS, BRIDGET JUNEAU, BREANNA LYNN GASPER, DONNA FARLEY, AUSTIN WALLACE, BRIAN T. SHELTON, AFONSO BANDHOLD, MARY NEIBERGER, NANCY HECKER, KIRA SIKES, RICHARD TOMSON, MACKENZIE HAINES, CHRISTOPHER BOGART, LUZ MARIA ESTRADAPULIDO, JESSICA H. WILLIAMS, NICHOLAS BAUMHOER, SANDRA HANKINS, ESTEBAN MORIN, MICHAEL KOULCHAR, GINA TESNAR, LINDSAY YOUNG,

REBECCA J. OLIVER, CHARLES B. GREGSTON, JAMES SMITH, JACKIE FARRARFINKEN, SABRINA GLAWSON, MICHAEL SCOTT DEWILDE, SHANNON SHUMATE, JOHN D HECKER, LILLIAN HURST, DAVID WAYNE HARTLEY, RYAN WILSON, LOLA JEAN MODJESKA, BEVERLEY WOLFER, DENICE YORK, FABERSHA FLYNT LEWIS, KERI HAKE, PAMELA ADLEWATTS, ROBI ANN GALINDO, BRANDIE STANTON, KURTISS LAMB, BRYAN S. SHELTON, M.R.M, JOHNNY JAVIER MILES, JR, JACQUELINE A. SMITH, MELISSA BENSON, MARK MUNNS, CARL K. GREER, CARRIE THOMPSON, TOM B. LEE, RICHARD FRASER, JOANNE SUE HASSLER, ANDREW LUCAS, HUNTER L. LAIRD, JONATHAN CONTRERAS, SR, MARIA ALVAREZ, ALEXANDER ZAYAS, NANNETTE BRYNEHAUPT, CONNIE HADDOCK, JENNIFER LINK, DOVE DEANNA ADAMS, CHARLOTTE FREEMAN, HOLLY BURSON, CHRISTOPHER WATTS, NATALIA WHITE, ZACHARY HAKE, T.S. (A MINOR), SEAN HARRINGTON, TAMARA RUNZEL, SHYANNE SMITHLIZOTTE, K.B., SUZZETTEE LAWSON, CEDRIC HUNT, E.C.R., GLADYS E. REYES CENTENO, LAVONNA HARPER, DAWN HAINES, ROBERT NEIBERGER, JENNIFER MORMAN, HARRY RILEY BOCK, CARLOS CONTRERAS, DEVON WALLACE, TIFFANY M. LITTLE, MARY JANE VANDEGRIFT(INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MATTHEW R. VANDEGRIFT), SAMANTHA DUNFORD, CHRISTINA MELENDEZ, CALVIN CANINE, LES KUGLICIS, WAYNE NEWBY, REBECCA BARATTIERI, KYLA OSTENSON, FRANCES CATHERINE CASTRO, JUDY HOFFMAN, BRENDA LITTLE, PAULA MENKE, CONNIE MOODY, DEBRA WIGBELS, JEAN DAMMANN, DONNA ENGEMAN, STEPHANIE KIDDER, SYLVIA JOHNSON SPENCER, DEBORAH SMITH, DEBRA COOKRUSSELL, MICHAEL HABSIEGER, H. JOSEPH BANDHOLD, I.F., MEGAN MAUK, ESTAVAN MORIN, SR, J.T.B., RAYANNE HUNTER, DANIEL BENAVIDEZ, JR, HERNAN CONTRERAS, TAYLOR EASTLUND, CHRISTINA SMITH, MICHEAL PAUL ALLEN SHELSWELL, J.M., JUDY COLLADO, DIXIE FLAGG, CHASTITY DAWN LAFLIN, ASHLEY VACHO LESLIE, RICKY JONAUS, M.R.M., TANYA EVRARD, COLIN HAINES, LUCAS WILLIAM ROBINSON, JOHN RICHARD TULLY, MARK UMBRELL,

P.A., JEAN PRUITT, VERONICA PENA ANDRADE, RICHARD LEE, CAROL BENSON, ROBERTO AARON ARIZOLA, TIMOTHY NEWMAN, COLIN ROBERTS, ROBERTO ANDRADE, SR., SVEN EASTLUND, SABRINA CHAPMAN, SHANE IRWIN, SCOTT LILLEY, CRYSTAL TUTWILER, SUHEIL CAMPBELL, DOUGLAS KRUGER, DAVID FINKEN, MARIANA BANDHOLD, PETRA SPIALEK, VELINA SANCHEZ, DANIEL THOMAS, SR, PATRICIA MONTGOMERY, JAMES VAUGHN, A.L.R., K.K, DAVID C. IVERSON, KAYTRINA JACKSON, L.R., N.C.E., T.C., DIANNE O'NEILL, WILLIAM PARKER, ETHAN FRITZ, EDNA LUZ BURGOS, WILLIAM FARRAR,SR., BRANDEAUX CAMPBELL, CHRISTINA SHERIDAN, JERRY A. PALINSKY, SR, STEVE WADLEIGH, KATHLEEN HOKE, MICHELLE WEST, TIFANY THOMPSON, JESSECA LYN TSOSIE, KEVIN GRAVES, JUDAS RECENDEZ, CORENA MARTIN, DANIEL FRITZ, MIRANDA PRUITT, JAMES KINSEY, KEMELY PICKETT, JARRETT WARD, D.A.S., MARY CARVILL, JEFFREY ANDERSON, VICTOR RAY WISE II, BILLY DOAL WELLS, NICOLE BARATTIERI, NICHOLE GARRIGUS, VICTORIA LANDECK, DONNA KUGLICS, CHRISTOPHER SONGER, JESSALYN HOLT, VALENCIA COOK, LING P. LEE, ROSEMARIE ALFONSO, DANIEL DRESSLER, LARK ADAMS, RICHARD E. HASSLER, ERIK ROBERTS, PATRICIA WHEATLEY, A.M.H., MARGARITA ARISTIZABAL, THERESA HART, MARY JANE VANDEGRIFT(INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOHN VANDEGRIFT), DANIEL MENKE, JOSEPH L. GREER, SHELLEY ANN CASEY, CHRISTOPHER MILLER, RENE POOL, JARED S. STEVENS, KENNY LEE, A.Z.C., MELINDA FLICK, JOHN GIBSON, OLGA LYDIA GUTIERREZ, FRED FRIGO, NICOLE A. KAPLAN, REBECCA L. SAMTENFINCH, TAMMY VANDERWAAL, TYLER NORAGER, BRITNEY E. CARTER, DAVID JAMES HICKS, SHANNON MILLICAN, R.A., CARLLIE PAUL, THEODORE LESTER, LORI ANN MCCOY, K.L., BOBBIE D. MARIANO, C.L.(A MINOR), ANASTASIA FULLER, RICHARD FINKEN, JOSHUA SCHICHTL, KIERRA GLAWSON, FAITH RENEESTONEKING, PATRICIA REYNOSO, BRIANNA RENEE NAVEJAS, POLOKA AIETI, DONIELLE EDWARDS, SHELBY WEST, VICTORIA M. FOLEY, RUSSEL HICKS, JR., ELVA ESPINOZA, CHAD FARR,

13

CRISTA MUNNS, DAVID ARNOLD, ANTHONY HUDSON, JOSEPH HELTON, SR., JOHN D. LAMIE, GEORGE D. WHITE, C.F., BASHAR ALTAIE, MATTHEW LILLEY, VIVIAN PICKETT, BILLY JOHNSON, CARA ROBERTS, C.B., CHRIS FARLEY, JESSICA HUBBARD, RANDALL GEIGER, ROBERT CANINE, JOHN SACKETT, J.T., LEASA DOLLAR, JOHN MCCULLEY, CANDICE MACHELLA, MATTHEW LAMMERS, WILLIAM RONALD LITTLE, CASSIE COLLINS, CHRISTOPHER COTE, NICOLE LANDON, JOSHUA P. STEIN, CARRIE SUE STONEKING, URSULA ANN JOSHUA, MATTHEW BENSON, JAMES CANINE, CHRISTINA BIEDERMAN, MARIO STANTON, VERONICA DENISSE ANDRADE, BILLY WALLACE, DIANA THOMAS, MONICA ARIZOLA, DAKOTA SMITHLIZOTTE, LEAANN WADLEIGH, LESLIE K. REEVESHARDCASTLE, A.S.E., TONY GONZALEZ, JENNIFER LYNN HUNT, SLADE VICTOR TULLY, DOUGLAS VEVERKA, THOMAS KUHLMEIER, JOHN VACHO, KIMBERLY VESEY, ELIZABETH CHISM, AVA LANETTE BRADLEY, HILARY WESTERBERG, M.C., DEBORAH BEAVERS, MAX W. HURST, TANYA SUZZETTE DRESSLER, JAMIE BARNES, PEGGY CARVILLLIGUORI, JEFFREY ADAMSON, SAMANTHA BALSLEY, ELIZABETH JO EASTLUND, ANGEL MAYES, ALOYSIUS SANCHEZ, JR, JUDITH TIFFNER, T.R., HOPE ELIZABETH VEVERKA, A.S., ARIFAH HARDY, JUSTIN EVANS, GILBERT ARSIAGA, JR, SELICIA FIELD, A.B.(A MINOR), FRANK LILLEY, JEANNINE VAUGHN, NOEL CONTRERAS, ADINA PALINSKY, BRIAN MONTOGMERY, EMANUELA FLOREXIL, STEPHEN FINKEN, RUSSELL J. FALTER, CASEY REUBEN, M.A.H., STEVEN GREENWOOD, SEOP KIM, PAUL MITCHELL MILLICAN, JAMES TALBERT, GEORGE J. WHITE, ANITA BAKER, KARALEEN HERB, PAM MARION, KELLI D. HAKE, BRIAN G. TAYLOR, MATTHEW ARSIAGA, DONALD C. BANDHOLD, JEANNE RHEA MCMANUS, DANIEL PRICE, MARK FINKEN, K.M., VICKIE MICHAY WHITE, REBEKAH SCOTT, ERIC BILLITER, MICHAEL J. MILLER, RICHELLE HECKER, STEVEN KIRBY, MARLEN PICKETT, SHAYLYN C. REECE, GLORIA L. MAGANA, ROMMEL ROCHA, T.H., MARILYN LOUISE TULLY, TAMARA HASSLER, DAVID DIXON, BRITTANI HOBSON, HELEN FRASER, JOHN DAVID HEATH, JOHN KUHLMEIER, P.H., KIMBERLY SONGER, MATTHEW

14

FIESER, BRIAN COKE, DEREK ALLEN HOLLCROFT, ADAM MAGERS, JOYCE BROOKS, MARICEL MURRAY, SEBASTIAN NIUMAN, SAMANTHA TUCKER, JOSHUA P.G. WOLD, ANDREW TOMSON, JACOB BAUER, JOHNNY JAVIER MILES, SR, CLAIRE JONAUS, DANNYEL CONTRERAS, STEPHANIE C. SANDER, ROBERT WHITE, CHRISTOPHER D. GREER, DANNY CHISM, MICHAEL DEAN MOODY, ROBERT VACCARO, SHALEE NORAGER, MICHAEL LUCAS, ARDELL THOMSEN, TIMOTHY W. ELLEDGE, ARNE EASTLUND, DAVID W. HAINES, MELBA ANNE F. HARRIS, JESSE P. STEIN, RALPH THOMSEN, MICHAEL WEATHERLY, SUSAN MARIA DOSKOCIL HICKS, VERONICA LOPEZ REYES, AUNDRA CRAIG, SANDRA SOLIDAY, ANDREW MOORES, L.R.W., RONALD SLOAN, KATHLEEN SNYDER, HATHAL K. TAIE, SHEILA TRACY, ROBERT F. MARIANO, JUDY HUENINK, MICHAEL SMITH, DENNIS DUNN, CYNTHIA CONNER, IMO AIETI, CONSTANCE BRIAN, JOHN O'NEILL, DAVID KAPLAN, ELENA SHAW, G.B.(A MINOR), ANGELA ALVAREZ, AMI NEIBERGER, JOLENE LILLEY, JENNIE L. MORIN, JONATHAN CRAIG, ANDRE BROWN, JAMES DRESSLER, KATHY ADAMSON, RHETT MURPHY, MICHAEL R. MILLS, CAROL POLLEY, CYNTHIA THORNSBERRY, ALAN FINKEN, CELESTE YANTIS, KRISTIN WHITE, JASON ROBINSON, JODI MICHELLE HOBSON, SCOTT HOOD, SHAULA SHAFFER, DANIEL J. EVANS, C.W., MARION CRIMENS, GABRIELA D. PUERTAS VERGARADONOSO, DONALD TRACY, DONALD FIELD, CHRISTOPHER GOLEMBE, ANGELICA FIELD, LANI D. BOGART, FRANK L. CONVERSE, RUSSELL C. FALTER, MARVISE L. CROCKETT, JEAN MARIANO, SENOVIA FIELD, JESSICA CABOT, LORENZO SANDOVAL, JR, EUGENE DELOZIER, SHARON JOHNSTON, STACY PATE, SHILYN JACKSON, VICTORIA HECKER, MARIO BOWEN, SETH TIFFNER, JOHN P. SKLANEY, III, JOELLA PRATT, PRESTON SHANE REECE, JEREMY BAUER, DAVID G. CARDINAL, JR, JEREMY CHURCH, LAUREL BARATTIERI, EDDIE JO PALINSKY, CHEYENNE FLAGG, JOEL PALINSKY, S.J.S., BRENDA CHAND, SAMANTHA TOMSON, MICHELLE KIM, JERRY A. PALINSKY, II, LATASHA MARBLE, PHILLIP SANCHEZ, LUIS GARZA, CHRISTOPHER MICHAEL MELENDEZ, JOHN DANA GREER, PADRAIC J. NEWMAN, ALICIA

PEARSON, LINDA GIBSON, CHRISTOPHER ADAMSON, ELIZABETH MASTERSON, GREGORY BAUER, M.N., KATHY CRABTREE, J.R., EVAN D. BOGART, MAXIMILLIAN SHROYER, CHASITY WELLSGEORGE, MICHELLE KLEMENSBERG, JOHNNY WASHBURN, G.F., ISABELL VINCENT, MICHAELMURPHYSWEET, MARGARITO A. MARTINEZ, JR, STEFANIE WALLACE, NATHAN NEWBY, VANESSA CHISM, ZORAIMA LOPEZ, SUSAN ARNOLD, EMILIE FINKEN, VICKIE MCHONE, JOSHUA TIFFNER, MATTHEW HUCKFELDT, JAYDEAN HAMILTON, MARIAH SIMONEAUX, SHARON M. PUGH, DONNIE MARION, JAMES CRAIG ROBERTS, AMBER HENSLEY, AMENIA JONAUS, MELISSA DOHENY, SHELLEY ANN SMITH, NOEL S. FARLEY, TAMMY KINNEY, GLORIA NESBITT, KIMBERLY MILLER, SEAN SLAVEN, ERIC BRANDON STONEKING, JULIE CHISM, DWIGHT MARTIN, KATHY CRANE, RONALD VEVERKA, TRAVIS GIBSON, NOALA FRITZ, MATTHEW L. MERGELE, LAWRENCE KRUGER, SHARON Y. DUNN SMITH, JOSE REYNOSO, BRADLEY STARCEVICH, DANIEL P. BENSON, KEITH VEVERKA, PATRICIA SMITH, E.W., SHIRLEY STEARNS, ADAM G. STOUT, ARMANDO FUENTES, RONALD WAYNE CRABTREE, SANDRA VALENCIA, KAREN FUNCHEON, ISMAEL MARTIR, E.K., BRYANT BEARFIELD, WILLIAM J. LEE, MARVIN THORNSBERRY, ANN CHRISTOPHER, CHRISTOPHER DAVID, TAUSOLO AIETI, BENJAMIN DANIEL CARRINGTON, NANCY COTE, JANET JONES, MERLESE PICKETT, NICOLE IRWIN, AMANDA VACHO, RICHARD CASEY, PERRY WHITE, SHARON DEBRABANDER, ADRIAN SANDOVAL, JAMI LIN WILSON, HYUNJUNG GLAWSON, LINDA FALTER, KARAR ALABSAWI, JASON SACKETT, ROADY LANDTISER, JEREMY BLOHM, PETER FINKEN, TERRANCE PETERSON, III, ANGELINE JACKSON, ERIC LEVI, FRANCES ROBINSON, RYAN SABINISH, SHELBY WHITE, ASHLEY GUDRIDGE HOUPPERT, JOSHUA BROOKS, MICHAEL COOK, NICHOLE SWEENEY, SARAH CROSBY, JAMES SHEPARD, STEPHANIE JUNEAU, ROBERT W. KUHLMEIER, GARY LAMMERS, LINDA JONES, SHAWN BARTLETT, TEMIKA SWINTON, JOHN DAGGETT, LYNN FOREHAND, JANET L. RIOS, MARK E. THOMSEN, LAUREN NIQUETTE, JOEL HERNANDEZ, VICTORIA

HERNANDEZ, ATHENA HALL, MATTHEW C. BEATTY, ANDREW CHARLES MAJOR, H.K., KIERSTEN HALL, JERRIN MATTHEW OGDEN, RONALD ALLDRIDGE, BROOKE KENNEY, K.R.G., TODD ALLDRIDGE, RENE GUTEL, ABIGAIL HALL, JOANN ALLDRIDGE, ANDREW JAMES RAYMOND, KANDI DANIELLE WHITESIDE, THOMAS NIQUETTE, A.M.M., ANA M. GOMEZ, RANDALL KLINGENSMITH, SHARON SMITHEY WHITESIDE, KAITLYN ADAMS, ANGELA M. GARCIA, RYAN BOWMAN, MICHAEL PASCO, ANDREW HALL, DANIEL KENNEY, CHRISTOPHER WHITESIDE, SEAN M. NIQUETTE, CHRISTOPHER SATTERFIELD, GRANT H. VON LETKEMANN, II, ASHLEY MEIKEL MAJOR, BRIAN CLARK ALLDRIDGE, SHERYL ANN CHEN, TARA HUTCHINSON, RANDI JEAN MARTZ, J.K., K.M.G., M.J.H., STEPHEN W. EVANS, JACKSON WILEY WHITESIDE, TYLER NICHOLAS OGDEN, M.T.W., RICHARD HEDGECOCK, II, MATTHEW WHITESIDE, MACKENZIE G. HALL, DIANNA ALLDRIDGE, MARY NIQUETTE, MARK A. HALL, GARY DOUGLAS FISHBECK, TONI ATTANASIO,
*Plaintiffs-Appellees*,

*v.*

DR. MUHAMMAD BAASIRI,
*Movant-Appellant*,

JAMMAL TRUST BANK SAL,
*Defendant-Appellant*.

---

On Appeal from a Judgment of the United States District Court for the Eastern District of New York.

---

ARGUED: MARCH 2, 2023

17

DECIDED: AUGUST 24, 2023

Before: JACOBS, PARK, and NARDINI, *Circuit Judges*.

_____

A group of American victims of terrorist attacks in Iraq sued several Lebanese banks for aiding and abetting the Lebanese militant group Hezbollah in carrying out those attacks. One of the banks, Jammal Trust Bank (JTB), was later designated a terrorist organization by the U.S. Treasury Department, sending it into liquidation and prompting Lebanon's central bank to acquire its assets. JTB moved to dismiss the suit against it on the ground that it now possessed foreign sovereign immunity. The United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*) denied the motion on the ground that a defendant is entitled to foreign sovereign immunity only if it possesses such immunity at the time suit is filed. We hold that immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, may attach when a defendant becomes an instrumentality of a foreign sovereign after a suit is filed. We therefore VACATE and REMAND for a determination of whether JTB is such an instrumentality.

_____

MICHAEL RADINE (Gary M. Osen, Dina Gielchinsky, and Aaron Schlanger, *on the brief*), Osen LLC, Hackensack, NJ, *for Plaintiffs-Appellees*.

MARK W. DELAQUIL (David B. Rivkin, Jr., Elizabeth Price Foley, and Kendall E. Wangsgard, on the brief), Baker &

18

Hostetler LLP, Washington, DC, *for Movant-Appellant and Defendant-Appellant*.

Lewis S. Yelin, Attorney, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC (Richard C. Visek, Acting Legal Adviser, Department of State; Brian M. Boynton, Principal Deputy Assistant Attorney General; Breon Peace, United States Attorney for the Eastern District of New York; Sharon Swingle, Attorney, Civil Division, United States Department of Justice, Washington, DC, *on the brief*), *for Amicus Curiae* United States of America.

Jay S. Auslander (Natalie Shkolnik, Michael Van Riper, *on the brief*), Wilk Auslander LLP, New York, NY, *for Amicus Curiae* Professor Joseph W. Dellapenna.

---

WILLIAM J. NARDINI, *Circuit Judge*:

The plaintiffs in this case are American service members who were wounded, and the relatives of service members who were killed or wounded, in terrorist attacks carried out in Iraq from 2004 to 2011 by proxies of the Lebanese militant group Hezbollah. In 2019, victims

19

and their family members sued several Lebanese banks, alleging that the banks aided and abetted the attacks by laundering money for Hezbollah.

After the plaintiffs filed suit, the United States Department of the Treasury labelled one of those banks, Jammal Trust Bank (JTB), a Specially Designated Global Terrorist. That designation prompted the Banque du Liban, Lebanon's central bank, to liquidate JTB and acquire its assets. JTB then moved to dismiss the case against it, on the ground that it was now entitled to sovereign immunity as an instrumentality of Lebanon. The district court denied the motion, holding that a defendant is entitled to foreign sovereign immunity only if it possesses such immunity at the time suit is filed. JTB appealed. We hold that immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, may attach when a defendant becomes an instrumentality of a foreign sovereign after a suit is filed.

We therefore vacate the district court's decision and remand for determination of whether JTB is such an instrumentality.

## I. Background

Between 2004 and 2011, the Lebanese militant group Hezbollah armed and trained numerous proxy groups in Iraq with increasingly sophisticated roadside bombs, grenades, and rockets, which those groups used to kill and injure thousands of American soldiers. Hezbollah, which is a U.S.-designated Foreign Terrorist Organization, allegedly coordinated the attacks with Iran's Islamic Revolutionary Guard Corps, which supplied much of the weaponry.

On January 1, 2019, a group of American victims and their relatives sued eleven Lebanese banks, including JTB, in the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*) for allegedly laundering money for Hezbollah. They brought their claims under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) and (d), as amended by the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (2016), which

authorizes suits against those who aid and abet acts of terrorism. The plaintiffs filed an amended complaint on August 2, 2019.

On August 29, 2019, the United States Department of the Treasury named JTB a Specially Designated Global Terrorist. The Treasury Department accused JTB of "brazenly enabling" Hezbollah's financial activities and posing a "direct threat to the integrity of the Lebanese financial system." Joint App'x at 881.

That designation ended things for JTB. Shut out of the dollar system, the bank was unable to trade with many of its counterparties or to carry out other business denominated in dollars. In September, the Banque du Liban, Lebanon's central bank, responded by freezing JTB's deposits and liquidating its operations. JTB is now undergoing liquidation under Lebanese law. Movant-Appellant Dr. Muhammad Baasiri is the central bank's liquidator.

After the Banque du Liban took over, JTB and Baasiri, acting separately from the other defendants, moved for (1) substitution of

Baasiri for JTB or, in the alternative, intervention by Baasiri, and (2) dismissal, based on (a) Baasiri's asserted sovereign immunity, (b) international comity, or (c) lack of redressability as to JTB.

The district court granted Baasiri's motion to intervene but denied the motion to substitute and the motion to dismiss. The court concluded that JTB could not raise sovereign immunity as a defense because the liquidation process began only after the plaintiffs brought their suit. It rested that conclusion on the Supreme Court's decision in *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003), which it read to hold that "instrumentality status [must] be determined at the time suit is filed." Special App'x at 16 (quoting *Dole Food*, 538 U.S. at 478). JTB and Baasiri appealed. After oral argument, we solicited the views of the United States State Department, which submitted an *amicus* brief.

## II. Discussion

The decisive issue in this appeal is whether JTB may raise a defense of immunity under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602–1611, when it alleges that immunity arose

23

after suit was filed.[1]  We review the district court's resolution of this question of law *de novo*.  *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 915 (2d Cir. 2022); *Rukoro v. Fed. Republic of Germany*, 976 F.3d 218, 223 (2d Cir. 2020).

To determine the effect of the FSIA, one must know something of the system that came before it.  We begin, therefore, as almost all modern discussions of foreign sovereign immunity do, with *The Schooner Exchange v. McFaddon*, 7 Cranch 116 (1812).  In that case, Chief Justice John Marshall explained that foreign sovereigns have no inherent exemption from the power of American courts, since the "jurisdiction of the nation within its own territory is necessarily exclusive and absolute."  *Id.* at 136.  Still, he wrote, it would "degrade the dignity" of a sovereign state to have its rights adjudicated in the courts of another country, so, most countries had agreed to waive

---

[1] We have appellate jurisdiction over this appeal because the collateral order doctrine "allows an immediate appeal from an order denying immunity under the FSIA." *Petersen Energía Inversora S.A.U. v. Argentine Republic & YPF S.A.*, 895 F.3d 194, 203 (2d Cir. 2018) (internal quotation marks omitted).

jurisdiction over foreign sovereigns. *Id.* at 137–40. The young United States, the Chief Justice announced, would do the same. *Id.* at 147.

This was a matter of "grace and comity," not power, and of "common law," not statute. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 486 (1983); *Samantar v. Yousuf*, 560 U.S. 305, 311 (2010). Although district courts had subject-matter jurisdiction over suits against foreign states under the Constitution and the diversity statute, they elected not to exercise it when a defendant was entitled to immunity. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 437 n.5 (1989).

For many years, that entitlement was determined by the executive branch, not the judiciary. *See Verlinden*, 461 U.S. at 486–87. In "nearly every action brought against a foreign sovereign," the State Department would submit a "suggestion of immunity" and the receiving court would surrender its jurisdiction over the case.

25

*Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*,

999 F.3d 808, 818 (2d Cir. 2021) (cleaned up).

Things started to change in 1952, when the State Department

announced that it would follow the more modern "restrictive" theory

of foreign sovereign immunity. *Turkiye Halk Bankasi A.S. v. United*

*States*, 143 S. Ct. 940, 946 (2023). In what came to be known as the Tate

Letter, the State Department explained that "the immunity of the

sovereign [would be] recognized with regard to sovereign or public

acts (*jure imperii*) of a state, but not with respect to private acts (*jure*

*gestionis*)." Letter of Jack B. Tate, Acting Legal Adviser, Department

of State, to Acting Attorney General Philip B. Perlman (May 19, 1952),

*reprinted in* 26 Dep't of State Bull. 984, 984–85 (1952), *and in Alfred*

*Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682, 711–12 (1976)

(Appendix 2 to opinion of the Court).

The Tate Letter threw immunity doctrine "into some disarray."

*Republic of Austria v. Altmann*, 541 U.S. 677, 690 (2004). Although the

26

State Department continued to file suggestions of immunity, and the courts continued to respect them, "political considerations" sometimes led the State Department to support immunity when a straightforward reading of the restrictive theory would have led it to oppose. *Id.* Confusing things still more, if the State Department did not step in, courts made immunity determinations by themselves, "generally by reference to prior State Department decisions." *Verlinden*, 461 U.S. at 487. With two branches, having different institutional considerations, deciding who should be immune and who should not, "the governing standards were," unsurprisingly, "neither clear nor uniformly applied." *Id.* at 488.

Twenty-four years after the Tate Letter, Congress brought order to the chaos. It replaced the old ad hoc system with the Foreign Sovereign Immunities Act of 1976, Pub. L. No. 94–583, 90 Stat. 2891, which provided a "comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state."

27

*Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 141 (2014) (internal quotation marks omitted). In doing so, it intended to "codify the restrictive theory of sovereign immunity" laid out in the Tate Letter, "which Congress recognized as consistent with extant international law." *Samantar*, 560 U.S. at 319–20; *see Garb v. Republic of Poland*, 440 F.3d 579, 586 (2d Cir. 2006) ("Congress . . . intended to codify the Tate Letter.").

The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided" in the Act. 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Any "agency or instrumentality" of a foreign state is similarly immune. 28 U.S.C. §§ 1603(a), 1604. The FSIA defines "agency or instrumentality," in relevant part, as an entity "which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is

owned by a foreign state or political subdivision thereof." 28 U.S.C. § 1603(b)(2).[2]

The crucial word there—which goes a long way toward resolving this case—is *is*. The statute uses the present tense, and we, in the words of the Supreme Court, must give that choice "real significance." *Dole Food*, 538 U.S. at 478. The parties, however, disagree on that significance. The plaintiffs argue that a "statute's use of the present tense ordinarily refers to the time the suit is filed, not the time the court rules." Appellees' Br. 46–47 (quoting *TIG Ins. Co. v. Republic of Argentina*, 967 F.3d 778, 783 (D.C. Cir. 2020)). JTB counters that a time-of-filing rule would violate the purposes of the FSIA. The State Department argues that here, the present tense reflects the FSIA's concern with "current political realities and

---

[2] The district court did not decide whether JTB is now an instrumentality of a foreign state under the FSIA. *See Bartlett v. Société Générale de Banque au Liban SAL*, No. 19-CV-00007, 2021 WL 3706909, at *8 (E.D.N.Y. Aug. 6, 2021) (noting that defendants "claim that they qualify as an 'agency or instrumentality' of Lebanon" without deciding this question).

relationships" and its aim that "foreign states and their instrumentalities" be given "some *present* protection from the inconvenience of suit as a gesture of comity." Br. of *Amicus Curiae* U.S. Department of State 11 (quoting *Republic of Austria v. Altmann*, 541 U.S. 677, 696 (2004)). We think the State Department has the better of it: The most natural reading of the statute is one that gives foreign sovereigns immunity even when they gain their sovereign status mid-suit. We therefore hold that immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, may attach when a defendant becomes an instrumentality of a foreign sovereign after a suit is filed.

To see why, look first to the structure of the FSIA. The act gives foreign states immunity not only from judgments, but from process, too. It shields them from the "expense, intrusiveness, and hassle of litigation altogether." *Beierwaltes*, 999 F.3d at 817 (internal quotation marks omitted). We see no reason why that protection should apply only if the defendant had sovereign status from the beginning of the

30

suit.  The fact that a defendant acquired instrumentality status after the suit began will not ordinarily justify subjecting a foreign sovereign to the "inconvenience of suit."  *Altmann*, 541 U.S. at 696; *cf. Zuza v. Off. of the High Representative*, 857 F.3d 935, 938 (D.C. Cir. 2017) (concluding that foreign official immunity under the International Organizations Immunities Act, 22 U.S.C. § 288d(b), "compels prompt dismissal even when it attaches mid-litigation").

This reading is consistent with other authority[3] and dovetails with the purposes of foreign sovereign immunity.  Such immunity exists for different reasons than "other status-based immunities," including the qualified immunity accorded to many state actors.  *Dole Food*, 538 U.S. at 478–79.  Immunity for government officers prevents

---

[3] *See Straub v. A P Green, Inc.*, 38 F.3d 448, 451 (9th Cir. 1994) (suggesting, but not deciding, that "the FSIA may be applicable if a party that becomes a 'foreign state' after the commencement of a lawsuit promptly brings its status as a 'foreign state' to the district court's attention"); *cf. Matton v. Brit. Airways Bd., Inc.*, No. 85 CIV. 1268, 1988 WL 117456, at *3 (S.D.N.Y. Oct. 27, 1988) (holding that a post-filing privatization of a sovereign instrumentality meant the FSIA no longer applied because the purposes of foreign sovereign immunity were no longer implicated).  *But see Olympia Express, Inc. v. Linee Aeree Italiane, S.p.A.*, 509 F.3d 347, 349–50 (7th Cir. 2007) (rejecting *Matton*'s reasoning).

"the threat of suit from crippling the proper and effective administration of public affairs." *Id.* at 479 (cleaned up). "Foreign sovereign immunity, by contrast, is not meant to avoid chilling foreign states . . . in the conduct of their business but to give [them] some protection from the inconvenience of suit as a gesture of comity between the United States and other sovereigns." *Id.* The immunity therefore focuses on "current political realities." *Altmann*, 541 U.S. at 696; *see Republic of Iraq v. Beaty*, 556 U.S. 848, 864 (2009) (same). What matters is whether a foreign sovereign is subject to the burdens of suit at any point before judgment.

The pre-FSIA history of foreign sovereign immunity likewise suggests that immunity may kick in after a lawsuit has been filed. Take the Supreme Court's decision in *Oliver American Trading Co. v. United States of Mexico*, 264 U.S. 440 (1924), which illustrates the need for immunity to reflect the latest political developments. *Oliver* involved a breach of contract suit brought by a Delaware corporation

against the government of Mexico. At the time the company filed suit, the United States did not recognize the *de facto* Mexican government as legitimate, but the United States established diplomatic relations while the suit was pending. *Id.* at 442. Once that happened, the district court held that Mexico was entitled to immunity. *Id.* The corporation sought review in the Supreme Court, under a statute authorizing such direct review of decisions that "present the question of jurisdiction of the District Court as a federal court." *Id.* The Supreme Court, however, concluded that the question of foreign sovereign immunity did not implicate "the power of the court" and transferred the appeal to this Court to proceed in the ordinary course. *Id.* at 442–43. We affirmed. *Oliver Am. Trading Co. v. Gov't of the United States of Mexico*, 5 F.2d 659, 667 (2d Cir. 1924). The upshot: In the pre-FSIA world, a defendant who gained foreign sovereign immunity after a suit was filed had to be dismissed from the case.[4] The FSIA, as

---

[4] *Oliver* also demonstrates that immunity and jurisdiction did not necessarily rise and fall together in the pre-FSIA regime. A court could still have

33

we have seen, codified the pre-existing common law. *Samantar*, 560 U.S. at 319–20.

More recently, courts have reached the same conclusion in other immunity cases. In 2009, the Supreme Court held that when a 2003 presidential designation made an FSIA exception inapplicable to Iraq, "immunity kicked back in" and then-pending cases had to be dismissed. *Beaty*, 556 U.S. at 865. Six years ago, the D.C. Circuit held that officers of international organizations entitled to immunity under the International Organizations Immunities Act (IOIA), 22 U.S.C. §§ 288 *et seq.*, could invoke that immunity, and compel dismissal, even when they gained their status only after the suit was filed. *Zuza*, 857 F.3d at 938. The IOIA, we note, provides that international organizations enjoy "the same immunity from suit . . . as is enjoyed

---

jurisdiction even when a defendant gained sovereign immunity after filing and the court was thereby compelled to dismiss. *See Oliver*, 264 U.S. at 442 (noting that the case did not implicate the constitutional or statutory power of the court to hear the case); *Oliver*, 5 F.2d at 667 (holding that post-filing diplomatic recognition conferred immunity on the Mexican government and required dismissal).

by foreign governments." 22 U.S.C. § 288a(b). And in a case involving claims against members of the Saudi ruling family, the Eleventh Circuit held that diplomatic immunity requires dismissal even when the defendant becomes a diplomat after the action commences. *See Abdulaziz v. Metro. Dade County*, 741 F.2d 1328, 1330 (11th Cir. 1984).

With structure, purpose, and history arrayed against them, the plaintiffs argue that Supreme Court precedent is nevertheless on their side. They contend that the Court's statement in *Dole Food* that "instrumentality status is determined at the time of the filing of the complaint" forecloses changes in status after filing. *Dole Food*, 538 U.S. at 480. We disagree. In *Dole Food*, a group of farm workers from Costa Rica, Ecuador, Guatemala, and Panama sued the Dole Food Company (and several others) over alleged injuries from exposure to a chemical used as an agricultural pesticide. *Id.* at 471. Some of the defendants moved to dismiss, arguing that they were instrumentalities of Israel

35

when the alleged conduct took place, although not at the time the suit was brought. *Id.* at 471–72. The Supreme Court granted certiorari to decide "whether a corporation's instrumentality status is defined as of the time an alleged tort or other actionable wrong occurred or, on the other hand, at the time suit is filed." *Id.* at 471.

The answer, the Court held, is that "instrumentality status is determined at the time of the filing of the complaint," not at the time the wrong occurred. *Id.* at 480. The Court reasoned that "the plain text" of § 1603(b)(2) is "expressed in the present tense," *id.* at 478. It also invoked "the longstanding principle that the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Id.* (internal quotation marks omitted). Giving the companies immunity for a status they no longer held would, the Court concluded, do nothing to advance the purpose of foreign sovereign immunity—protecting sovereigns from "the inconvenience of suit as a gesture of comity"—because, once the defendants had

ceased to be instrumentalities of a foreign state, no foreign sovereign was involved. *Id.* at 479.

The situation here is flipped: The defendant claims to have gained sovereign status after filing, rather than losing it before. The logic of *Dole Food*, applied to these facts, supports the mirror-image outcome: Although pre-suit sovereign immunity cannot be retained by a no-longer-sovereign defendant, sovereign status acquired post-filing can confer immunity. That result gives the FSIA's use of the present tense "real significance," as *Dole Food* instructed. 538 U.S. at 478. It also accords with *Dole Food*'s explanation of the purposes behind foreign sovereign immunity, which exists to protect foreign sovereigns from "the inconvenience of suit," and not, as with qualified immunity, to shape conduct ex ante. *Id.* at 479.

The plaintiffs object that *Dole Food* gave us a clear rule, and as a lower court, we are bound by it. But opinions are not statutes. They should not be read as if they were. *See Reiter v. Sonotone Corp.*, 442

37

U.S. 330, 341 (1979). The Supreme Court has "often admonished that general language in judicial opinions should be read as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering." *Turkiye Halk Bankasi A.S. v. United States*, 143 S. Ct. 940, 950 (2023) (internal quotation marks omitted).[5]

Read in context, the statement in *Dole Food* does not support the plaintiffs' position. The *Dole Food* court had occasion to consider only two options: setting instrumentality status at the time of the allegedly wrongful conduct or setting it at the time the suit was brought. 538 U.S. at 471. The Court did not consider—and has not since

---

[5] *Turkiye Halk Bankasi* provides a nice example of the need for caution in reading broad judicial statements in the FSIA context. The case concerned the criminal prosecution of a Turkish bank for conspiring to evade U.S. sanctions. 143 S. Ct. at 943. The bank, which was wholly owned by the Republic of Turkey, argued that the FSIA gave it immunity from prosecution, claiming that no FSIA exception applied to it and pointing to the Supreme Court's statement in a 1989 case that the FSIA is the "sole basis for obtaining jurisdiction over a foreign state in federal court." *Id*. at 950 (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989)). That language, the bank said, was definitive. But the Court, noting that *Amerada Hess* was a civil, not a criminal, case, concluded that its logic did not "translate to the criminal context." *Id*.

considered—the immunity of a defendant who gains sovereign status after the suit begins. That question, as we have explained, raises quite different concerns from the ones the Court faced in *Dole Food*.

The plaintiffs point to two statements from this Court that they argue support their reading of *Dole Food*. First, in 2014, citing *Dole Food*, we observed in a footnote that "the court's subject matter jurisdiction and a party's instrumentality status for purposes of § 1603 are both determined at the time when the complaint is filed." *European Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 129, 143 n.15 (2d Cir. 2014), *rev'd on other grounds*, 579 U.S. 325 (2016). The plaintiff in *RJR Nabisco* was the European Community (EC), which was incorporated into the European Union after the suit was brought, a change that the Court said was irrelevant given *Dole Food*. *Id.* That holding, the plaintiffs argue, ties our hands.

We disagree. For one thing, the case lacks precedential status, as the Supreme Court reversed the judgment. Even if the decision

39

had not been reversed, the footnote's cursory incantation of *Dole Food* would not bind us, since the opinion's reference to "instrumentality status" related not to immunity, but only to determining diversity jurisdiction where the sovereign was a plaintiff. *RJR Nabisco*, 764 F.3d at 143. Because 28 U.S.C. § 1332(a)(4) creates jurisdiction over suits between "a foreign state . . . as plaintiff and citizens of a State," the district court had diversity jurisdiction only if the EC was a foreign state or an instrumentality of one. *RJR Nabisco*, 764 F.3d at 143. We thus considered the EC's instrumentality status to establish jurisdiction; we did not consider the EC's potential immunity, because the EC was the plaintiff. *See id*.[6]

The plaintiffs also point to a 2004 case in which we said that *Dole Food* had "unequivocally" held that instrumentality status under

---

[6] *RJR Nabisco* thus considered neither the effect of a post-filing change in instrumentality status on jurisdiction in a federal question case, such as this one, nor in a diversity jurisdiction suit brought *against* a foreign state under 28 U.S.C. § 1330, which provides diversity jurisdiction in cases against foreign states that are not immune under the FSIA.

the FSIA is "determined at the time of the filing of the complaint." *Abrams v. Société Nationale Des Chemins De Fer Francais*, 389 F.3d 61, 64 (2d Cir. 2004). But *Abrams* cited *Dole Food* only to establish that an entity nationalized pre-suit was entitled to immunity even though the nationalization took place after the conduct at issue. *Id.* ("Once the railroad is encompassed by the FSIA, its prior incarnation as a private entity does not bar the statute's retroactive application."). That application of *Dole Food* is not at issue in this case.

Finally, the plaintiffs caution that allowing post-filing changes in sovereign status will encourage gamesmanship. Those are real concerns. Take, for example, *TIG Insurance Co. v. Republic of Argentina*, 967 F.3d 778 (D.C. Cir. 2020). In that case, an insurance company tried to execute a judgment against Argentina by attaching a house the country owned in Washington, D.C. *Id.* at 780. Argentina had listed the house for sale, but as soon as the company sought to attach the property to satisfy its judgment, Argentina took it off the market. *Id.*

The parties then disputed whether the building was still in commercial use, and thus within one of the FSIA's exceptions. *Id.* The D.C. Circuit held that commercial status had to be determined at the time the attachment was filed. *Id.* at 782. The court noted that the relevant statute, 28 U.S.C. § 1610(a), did not use the present tense, and it worried about creating an incentive for foreign sovereigns "to halt any commercial use of a property as soon as a creditor sought to attach it." *Id.* at 782–83, 785. Those concerns are absent in this case. It was the U.S. designation of JTB as a terrorist organization, not any attempt by Lebanon to avoid this lawsuit, that forced the bank into liquidation and public receivership.

## III. Conclusion

In sum, we hold as follows:

1. Immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, may attach when a defendant becomes an instrumentality of a foreign sovereign after a suit is

42

filed. We remand for the district court to determine whether JTB is now such an instrumentality.

2. Given that holding, we need not reach appellants' alternative argument that the district court erred in not substituting Baasiri for JTB.

We therefore VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.